## WILLARD *v.* WOOD. .

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 286. Argued April 22, 1890. — Decided May 5, 1890.

· The question whether the remedy of a mortgagee against a grantee of the mortgagor, to enforce an agreement of such grantee, contained. in the ·deed to him, to pay the mortgage debt, is at law or in equity,. is governed by the *lex fori.*

In the District of Columbia, a mortgagee can enforce an agreement of the grantee of the mortgagor, contained in the deed to him, to pay the mortgage debt, by bill in equity only, although by the law of the place where the land is, and where the mortgage and the subsequent deed were made, he might sue the grantee at law.

A statement of facts agreed by the parties, or case stated, in an action at law, (while it waives all questions of pleading or of form of action, which might have been cured by amendment,) does not enable a court of law to assume the jurisdiction of a court of equity.

THIS was an action at law by the administrator of the assignee of a mortgage against the executrix of a purchaser of the equity of redemption to recover so much of the mortgage debt as remained unsatisfied after a foreclosure sale. The declaration set forth the substance of the facts afterwards agreed by the parties. The defendant pleaded: 1st, That the testator was never indebted as alleged; 2d. The statute of limitations of three years. The plaintiff joined issue on both pleas. The case was heard in the Supreme Court of the District of Columbia in general term upon an agreed statement of facts, in substance as follows:

On July 7, 1868, at Brooklyn in the State of New York, Martin Dixon executed and delivered to Charles Christmas a bond for the payment of $14,000 in five years, with interest, and a mortgage of land in Brooklyn to secure the payment of the bond.

On July 19, 1869, at Brooklyn, Dixon, by deed beginning with the words "This indenture," but otherwise in the form of a deed poll, and signed and sealed by him only, in consideration of $17,000 to him paid, conveyed the land in fee to William W. W. Wood, "subject, however, to the mortgage" aforesaid, "which said mortgage, with the interest due and to grow due thereon, the party of the second part hereby assumes and covenants to pay, satisfy and discharge, the amount thereof forming a part of the consideration herein expressed and having been deducted therefrom."

Wood immediately entered upon and took possession of the land, and afterwards made two payments of $2000 each, one in 1873 and the other on February 16, 1874, on account of the principal of the mortgage debt, and also regularly paid the in-

terest thereon until March 14, 1874, when he conveyed the land to one Bryan by a deed, in which it was recited that the balance due on the mortgage debt formed a part of the consideration and was deducted from the purchase money, and by the terms of which Bryan assumed and agreed to pay that balance. Wood made no other payment on the mortgage debt.

The bond and mortgage were duly assigned to Frederick L. Christmas, and held by him until his death in 1876, after which, upon proceedings commenced in a court of competent jurisdiction in New York by his administrator, appointed in that State, for the foreclosure of the mortgage, a decree was made for the sale of the land, and on December 10, 1877, after due notice to Wood, the land was duly sold; and on January 5, 1878, the net amount of the proceeds, being the sum of $4566.61, was applied to the payment of the mortgage debt; and on April 18, 1879, an order was made by a court of competent jurisdiction in that State, giving leave to said administrator to sue either Wood or Bryan for the deficiency of $6865.63.

The plaintiff on October 25, 1880, took out ancillary letters of administration, on the estate of Frederick L. Christmas in the proper court of the District of Columbia; and on December 30, 1884, brought this action against Wood's executrix, after demand and refusal of payment, to recover the sum remaining due upon the mortgage debt.

The statement of facts concluded as follows: " It is further stipulated that if upon the said facts the plaintiff is entitled to recover, then and in that case he is entitled to judgment against the defendant for the said sum of $6865.63, being the balance remaining due after the application thereto of the net proceeds of said sale, together with interest on said balance from the said 5th day of January, 1878, assets in the hands of the said executrix (the present defendant) sufficient to pay all debts of said estate being hereby confessed; otherwise, judgment for said defendant."

The court gave judgment for the defendant.   4 Mackey, 538.   The plaintiff sued out this writ of error.

*Mr. Enoch Totten,* (with whom was *Mr. Stephen Condit* on the brief,) for plaintiff in error.

*Mr. John Sidney Webb,* (with whom were *Mr. W. B. Webb* and *Mr. H. R. Webb* on the brief,) for defendant in error.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

This action is brought by a mortgagee against the executrix of the grantee named in, and who has accepted, a deed executed by the mortgagor only, expressed to be " subject to the mortgage," and by the terms of which the grantee " assumes and covenants to pay, satisfy and discharge " the mortgage debt.  After issue joined on the pleas of never indebted and the statute of limitations of three years, the case was submitted, and judgment rendered for the defendant, upon an agreed statement of facts.

By the statute of limitations of Maryland of 1715, c. 23, §§ 2, 5, in force in the District of Columbia, all actions on simple contracts must be brought within three years, and actions on specialties may be brought within twelve years, after the cause of action accrues.   1 Kilty's Statutes.

The decisions of the courts of New York, though proceeding upon various and not always consistent reasons, clearly show that, by the law of that State, ( in which the land is situated, and the bond and mortgage, as well as the subsequent deed from the mortgagor, were executed and delivered,) the mortgagee is entitled to maintain a suit, either in equity or at law, against the grantee of the mortgagor to enforce the payment of the mortgage debt.   *Halsey* v. *Reed,* 9 Paige, 446 ; *King* v. *Whitely,* 10 Paige, 465 ; *Blyer* v. *Monholland,* 2 Sandf. Ch. 478 ; *Trotter* v. *Hughes,* 12 N. Y. 74 ; *Burr* v. *Beers,* 24 N. Y. 178 ; *Campbell* v. *Smith,* 71 N. Y. 26 ; *Pardee* v. *Treat,* 82 N. Y. 385 ; *Hand* v. *Kennedy,* 83 N. Y. 149 ; *Rowen* v. *Beck,* 94 N. Y. 86.

Assuming that the mortgagee has acquired by the law of New York a right to enforce such an agreement against a

grantee of the mortgagor, the form of his remedy, whether it must be in covenant or in assumpsit, at law or in equity, is governed by the *lex fori*, the law of the District of Columbia, where the action was brought. *Dixon* v. *Ramsay*, 3 Cranch, 319, 324; *United States Bank* v. *Donnally*, 8 Pet. 361; *Wilcox* v. *Hunt*, 13 Pet. 378; *Leroy* v. *Beard*, 8 How. 451; *Pritchard* v. *Norton*, 106 U. S. 124, 130, 133.

Much of the argument at the bar was devoted to the question, whether an agreement of the grantee, in a deed signed and sealed by the grantor only, is, as has been held in New Jersey and New York, in the nature of a covenant under seal, and consequently a specialty; *Finley* v. *Simpson*, 2 Zabriskie, (22 N. J. L.,) 311; *Crowell* v. *St. Barnabas Hospital*, 12 C. E. Green, (27 N. J. Eq.,) 650, 652; *Atlantic Dock Co.* v. *Leavitt*, 54 N. Y. 35; *Bowen* v. *Beck*, 94 N. Y. 86; or, as held in other States, in the nature of an assumpsit or implied contract, arising from the acceptance of the deed, and consequently a simple contract. *Locke* v. *Homer*, 131 Mass. 93, 102; *Foster* v. *Atwater*, 42 Conn. 244; *Johnson* v. *Muzzy*, 45 Vermont, 419; *Maule* v. *Weaver*, 7 Penn. St. 329; *Hocking County Trustees* v. *Spencer*, 7 Ohio, pt. 2, 149.

But we do not find it necessary to pass upon that question, since, by the law of the District of Columbia, whether the agreement of the grantee is or is not considered as under seal, it is an agreement made with the grantor only, and creates no direct obligation to the mortgagee, upon which the latter can sue at law.

If the agreement of the grantee is considered as under seal, by reason of the deed being sealed by the grantor, it falls within the settled rule of the common law, in force in the District of Columbia, that no one can maintain an action at law on a contract under seal to which he is not a party. *Hendrick* v. *Lindsay*, 93 U. S. 143, 149; *Southampton* v. *Brown*, 6 B. & C. 718; *Chesterfield & Midland Co.* v. *Hawkins*, 3 H. & C. 677; *Northampton* v. *Elwell*, 4 Gray, 81; *Crowell* v. *St. Barnabas Hospital*, 12 C. E. Green, (27 N. J. Eq.,) 650, 653.

If the agreement of the grantee is considered as in the nature of assumpsit, implied from his acceptance of the deed,

still, being made with the grantor only and for his benefit, upon a consideration moving from him alone, there being no privity of contract between the grantee and the mortgagee, and the latter not having known of or assented to the agreement at the time it was made, nor having since done or omitted any act on the faith of it, it follows that, by the law as declared by this court, and prevailing in the District of Columbia, the mortgagee cannot maintain an action at law against the grantee. *Keller* v. *Ashford*, 133 U. S. 610, 620–622, and *National Bank* v. *Grand Lodge*, 98 U. S. 123, there cited. The payments made by the grantee, and accepted by the mortgagee, on account of the mortgage debt, were made persuant to the grantee's contract with the mortgagor, and did not create, or warrant to be inferred, a new contract between the grantee and the mortgagee. Moreover, if the grantee's liability was in assumpsit only, it was, in any view of the case, barred by the statute of limitations in three years.

In the District of Columbia, the only remedy of the mortgagee against the grantee was, as adjudged upon great consideration in *Keller* v. *Ashford*, above cited, by bill in equity, in which he might avail himself of the right of the mortgagor against his grantee, because in equity a creditor is entitled to avail himself of a security which his debtor holds from a third person for the payment of the debt.

In the Supreme Court of the District of Columbia, as in the Circuit Court of the United States, the jurisdiction in equity is distinct from the jurisdiction at law, and equitable relief cannot be granted in an action at law. Rev. Stat. D. C. §§ 760, 800; *Fenn* v. *Holme*, 21 How. 481.

A statement of facts agreed by the parties, or, technically speaking, a case stated, in an action at law, doubtless waives all questions of pleading, or of form of action, which might have been cured by amendment; but it cannot enable a court of law to assume the jurisdiction of a court of equity. *Scudder* v. *Worster*, 11 Cush. 573; *McRae* v. *Locke*, 114 Mass. 96; *West Roxbury* v. *Minot*, 114 Mass. 546.

For these reasons, this action cannot be maintained, and the judgment for the defendant must be

*Affirmed.*