BORT v. McCUTCHEN et al.

(Circuit Court, N. D. Iowa, W. D. September 19, 1906.)

No. 421.

1. BONDS—RIGHT OF ACTION FOR BREACH—BOND GIVEN TO OFFICER OF CORPORATION.

A banker, designated as depository for funds of an incorporated life insurance society, executed a bond running to plaintiff as chief financial officer of the society and to the society itself, jointly and severally, conditioned to preserve the funds and pay them out only on orders drawn in accordance with the by-laws of the society. These gave plaintiff no right to withdraw money on his own order, except for the purpose of transfer to another depository. The banker died, and plaintiff, as such officer of the society, presented an order to the administrators to pay the fund on deposit to another depository, which was refused, and plaintiff's term of office expired; the deposit not having been repaid. *Held*, that plaintiff as an individual was not a party to the bond, and could not maintain an action at law thereon after he ceased to be an officer of the society, whatever his liability to the society for the funds might be, since the liability of the sureties on the bond was measured by their contract and was by its terms to the society or its officer.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Bonds, §§ 148, 149.]

2. SAME—CONSTRUCTION OF BOND.

Such a bond cannot reasonably be construed to have been made for the benefit of plaintiff individuallly, although he may have been responsible for the funds to the society; such fact not appearing therefrom, so as to entitle him to sue thereon under Code Iowa 1897, § 3467, which authorizes such action on a bond intended for the security of the public generally, or of particular individuals in the name of any person intended to be thus secured who has sustained an injury by reason of its breach.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Bonds, §§ 148, 149, 58.]

At Law. On demurrer to the petition.

Action by A. N. Bort, as an individual, against the estate of E. H. McCutchen, deceased, and the sureties of said McCutchen upon a bond in writing made by them to the plaintiff as head banker of the Modern Woodmen of America, a corporation, and to said Modern Woodmen of America. The defendants, other than the Modern Woodmen of America, jointly demur to the petition upon the grounds in substance: (1) That plaintiff as an individual is not a party to such bond and has no right of action thereon; (2) that he has sustained no damage by the alleged breach thereof; and (3) that the conditions precedent to a right of action upon the bond have never been complied with.

Wright & Call, for plaintiff.
William E. Johnston and Hubbard & Burgess, for defendants.

REED, District Judge. The principle questions for determination are: Is the plaintiff as an individual a party to this bond, or does it fairly appear therefrom, or the circumstances under which it was made, that it was intended for his individual benefit?
The bond, in substance, is:

"That E. H. McCutchen & Company, bankers, as principal, and S. B. Gilmore and [others naming them] as sureties, are held and firmly bound unto A. N. Bort, as head banker of the Modern Woodmen of America, a corporation and to the said Modern Woodmen of America, jointly and severally in the penal sum of

two hundred thousand dollars ($200,000) lawful money of the United States, to be paid unto the said A. N. Bort as said head banker of the Modern Woodmen of America, and to said Modern Woodmen of America, or either him or it upon the following conditions:

"Whereas, the said A. N. Bort, head banker of the Modern Woodmen of America, has duly designated in accordance with the by-laws of said Modern Woodmen of America, the said E. H. McCutchen & Company, bankers aforesaid as one of the depositories, and such designation having been approved by the board of directors of said Modern Woodmen of America, pursuant to said by-laws; and,

"Whereas, A. N. Bort, head banker of said Modern Woodmen of America, will in accordance with said by-laws, from time to time, deposit with the said E. H. McCutchen & Company, bankers, as such depository, certain sums of money belonging to the said Modern Woodmen of America; and,

"Whereas, the by-laws of said Modern Woodmen of America provide that interest shall be paid for the sole benefit of said Modern Woodmen of America upon money so deposited in said depository: * * *

"Now, therefore, the conditions of this obligation are such that if the said E. H. McCutchen & Company, bankers aforesaid, shall (1) issue to the said A. N. Bort, head banker, in duplicate certified 'deposit slips' immediately upon receipt of any and all money deposited by him, and (2) shall keep a separate account of the general fund and the benefit fund, and quarterly receipt for and add to said general fund interest on all deposits at the rate of two per cent. per annum, * * * and (3) shall, on presentation, honor and pay all orders drawn and indorsed in pursuance of the by-laws of said corporation, free of exchange or expense to the extent of all deposits made with it, and shall charge the head banker, or said corporation, and receive credit for payment made in no other way than aforesaid, except (4) that payment of said fund shall be made to a new or other depository on the direction of said head banker on his demand made for the purpose of placing said funds in a new or other depository; then this bond shall be void," etc.

The applicable by-laws of the Modern Woodmen of America, which may be regarded as referred to in the bond, are:

"Sec. 130. The head banker shall be the custodian of all the funds and moneys of this society, and shall receive the same from the head clerk, and shall give him a receipt therefor as soon as each payment or remittance is received.

"Sec. 131. The head banker shall designate three or more responsible banks. acceptable to and approved by the board of directors, as depositories, in which all the moneys and funds of this society shall be kept on deposit, upon such terms in regard to the interest to be paid thereon as the board of directors may approve."

"Sec. 134. Immediately upon receipt of any moneys or funds belonging to this society the head banker shall deposit the same in one or more of the several depositories designated by him as hereinbefore provided, and he shall forthwith forward to the head clerk a certified deposit slip, and thereafter such moneys shall not be withdrawn therefrom save in the manner provided in the following section.

"Sec. 135. No funds deposited by the head banker, pursuant to the provisions of section 134 hereof, shall be withdrawn otherwise than upon an order or warrant authorized by the board of directors, signed by the head counsel and head clerk, and countersigned by at least three members of the board of directors, and further countersigned by the head banker, who shall designate upon such order or warrant the depository from which such funds are to be withdrawn. and on which the order or warrant shall be drawn; provided, that nothing herein contained shall be so construed as to prevent the head banker from transferring funds of this society from any one of the designated depositories to any of the other designated depositories, for good cause, such transfer, however, to be made only through the check of said head banker, drawn in favor of the depository whose deposit it is intended shall be increased by such transfer of funds."

"Sec. 133. All accretions, by way of interest or otherwise, arising from such deposits of moneys and funds of this society, shall be placed to the credit of its general fund, quarterly."

Section 132 provides that depositories shall give bonds in such amounts as may be determined by the board of directors, payable to the head banker and the Modern Woodmen of America, or either of them. And section 138 provides for the giving of a bond by the head banker and his liability to the association. Neither of these is referred to in the bond in suit, and cannot be regarded as a part thereof, and the bonds actually given by the depositories and their sureties must measure their liability in actions thereon.

The petition alleges that in July, 1903, the plaintiff was head banker of the Modern Woodmen of America; that one E. H. McCutchen was then doing a banking business in Ida county, this state, under the name of E. H. McCutchen & Co., and had been designated as one of the depositories, and pursuant to the by-laws of said Modern Woodmen of America made the bond above referred to, which was signed by the other defendants as his sureties; that plaintiff, as such head banker, and pursuant to said by-laws, deposited with said McCutchen's bank, as said depository, the sum of $100,000 in money belonging to said Modern Woodmen of America; that in January, 1904, the said E. H. McCutchen died intestate, and the defendants Fred C. McCutchen and V. Rouche have been duly appointed administrators of his estate, and now are acting as such; that on January 29, 1904, after the death of said E. H. McCutchen, the plaintiff, as said head banker, pursuant to the by-laws of said association, drew orders on said E. H. McCutchen & Co., bankers aforesaid, to pay to the First National Bank of Mason City, Iowa, an approved depository, the sum of $100,000 so deposited with said McCutchen & Co. and the sum of $158.92 interest upon said deposit, and presented said orders to said Fred C. McCutchen and V. Rouche, administrators of the estate of said E. H. McCutchen who were in charge of the business of said E. H. McCutchen & Co., and demanded payment of said orders, which was refused, and said orders have not been paid; that on March 22, 1904, the plaintiff made a further written demand upon each of said sureties for the payment to plaintiff of said $100,000 deposited with said E. H. McCutchen & Co., with the interest thereon as aforesaid, which payment was refused by them; that in the month of July, 1905, the plaintiff's term of office as head banker of the Modern Woodmen of America expired, and he was not re-elected; that he thereupon turned over to his successor in office all of the funds which had come to his hands as head banker, except the amount due from said E. H. McCutchen & Co., which has not been accounted for; and that said Modern Woodmen of America claims of plaintiff the amount of said deposit and interest upon his obligations to said company. The petition was filed January 3, 1906, and therein the plaintiff as an individual demands judgment against the administrators of said E. H. McCutchen and the sureties upon said bond for the amount of said deposit and interest.

The action is at law and by A. N. Bort individually, and his right to maintain the same in that capacity must be determined by the terms of the bond of McCutchen and his sureties, and such of the by-laws of the Modern Woodmen of America as may be fairly regarded as part thereof. In express terms the obligors in said bond are held unto A. N. Bort, as head banker of the Modern Woodmen of America, and to said Modern Woodmen of America jointly and severally, in the penal sum of $200,000, to be paid unto them, or either of them, upon condition that said E. H. McCutchen & Co. shall, among others (3) on presentation honor and pay all orders drawn and indorsed in pursuance of the by-laws of said corporation and receive credit for payments made in no other way; except (4) that payment of said funds shall be made to a new or other depository on the direction of said head banker on his demand made for the purpose of placing said funds in a new or other depository.

The administrators of the estate of E. H. McCutchen are doubtless liable to the same extent that he would be, either upon the bond, or independent thereof, for the money deposited with him; but the liability of the sureties upon the bond is measured by its strict terms, though that must be given a rational interpretation the same as any other agreement. United States Fidelity Co. v. Board of Directors (C. C. A.) 145 Fed. 144–148. What, then, is the undertaking of the obligors of this bond? What is there in it, or the by-laws of the Modern Woodmen of America, that may justly be regarded as a part thereof to indicate that it is for the individual benefit of A. N. Bort, and why is he as head banker named as one of the obligees? When the bond was made he was in fact the head banker of the Modern Woodmen of America, and quite naturally was named as such, though the legal effect of the bond would be the same if it had run to the head banker of the association, without naming him. Under the by-laws of the company the head banker is the mere custodian of the funds of that company (the legal title thereto does not vest in him), and he is required to deposit the same in its designated depositories. As such officer he may transfer the same from one depository to another, and in that capacity may rightfully demand from any depository all of the funds of the company it has on deposit for such purpose and enforce such demand by any legal proceeding necessary therefor in his capacity as such officer; but he alone, as such head banker even, has no authority to withdraw them for any other purpose. The incumbent of the office of head banker, when bonds of the depositories are made, is named in the bonds as such officer; but, when his term of office expires, he no longer has any right to direct where the funds of the company shall be kept, nor to transfer the same from one depository to another. That is to be done by his successor.

The alleged breach of this bond consists in the failure of McCutchen or his administrators to honor a demand of A. N. Bort as head banker to transfer the deposit made with it to another depository, or to pay the same to him as such officer. Undoubtedly Mr. Bort, as head banker, might by a proper action in his name as such officer

have enforced his demand for the transfer of the fund during his term of office, and, if the action was not during such term finally determined, his successor in office might have been substituted in his stead, and such successor would then have controlled the further proceeding in the action; but Mr. Bort, as an individual, had and has no right to demand or withdraw funds from any depository for any purpose whatever, and any of the depositories might rightfully refuse his individual demand for all or any part of the fund on deposit with them, and such refusal would not be a breach of the bond.

It is true that by section 138 of the by-laws, and by his bond made to the company pursuant thereto, Mr. Bort undertakes to answer to the company for the default of any depository in paying over any of the moneys of the association deposited with it. This is a personal obligation assumed by him individually, and he might have exacted from any depository, in which he deposited funds of the association, an obligation that would protect him against such liability. But there is nothing in the bond in suit, nor in any by-law of the association that may fairly be regarded as a part thereof, that imposes any such obligation upon these defendants, and the fact that plaintiff assumed such obligation upon his part cannot be held to add to, or extend, the obligations assumed by the makers of this bond. Mr. Bort, as an individual, is not therefore by the terms of this bond a party thereto, and it is well settled that one cannot maintain an action at law upon a contract to which he is not a party. National Bank v. Grand Lodge, 98 U. S. 123, 25 L. Ed. 75; Keller v. Ashford, 133 U. S. 610–620, 10 Sup. Ct. 494, 33 L. Ed. 667; Willard v. Wood, 135 U. S. 309–313, 314, 10 Sup. Ct. 831, 34 L. Ed. 210.

Many authorities are cited by plaintiff to the effect that, where a contract is made by one with another for the benefit of a third, the latter may maintain an action upon such contract, though he is not named therein, if from its terms it fairly appears that he is the one intended to be benefited thereby; and section 3467, Code Iowa 1897, is relied upon as authorizing an action at law under the Iowa practice by such third party. Willard v. Wood, 135 U. S. 309, 10 Sup. Ct. 831, 34 L. Ed. 210. Section 3467 is as follows: "When a bond or other instrument given to the state or county or other municipal or school corporation, or to any officer or person, is intended for the security of the public generally, or of particular individuals, action may be brought thereon in the name of any person intended to be thus secured, who has sustained an injury in consequence of a breach thereof, except when otherwise provided." The correctness of the legal proposition thus stated by plaintiff may be conceded, but the difficulty is in applying it to the facts of this case, for this contract upon any fair or reasonable construction does not run to, and is not made for the benefit of, the plaintiff as an individual, and he is not therefore, under the rule contended for, entitled to sue thereon. It will be observed, however, that section 3467 of the Code only authorizes such an action by "one who has sustained an injury in consequence of a breach" of such bond or instrument.

The plaintiff is not, therefore, by the terms of this bond, individual-

ly entitled to demand or receive any part of the deposit made with the McCutchen bank, and, as his term of office as such head banker had expired before this action was commenced, he is not entitled to demand or receive the same as such officer, and the demurrer should be sustained upon the first, second, third, fourth, fifth, and sixth grounds thereof. This renders it unnecessary to consider the other grounds of the demurrer. This conclusion is the more readily reached for the reason that, if the plaintiff is permitted to recover, it must be for the benefit of the Modern Woodmen of America, the owner of the fund deposited with the McCutchen bank. That company is an obligee named in the bond, and has an undoubted right to sue thereon and to recover the amount of its deposit from the defendants, if they are liable therefor under this bond.

The demurrer is sustained upon the grounds above stated.