# AMERICAN SECURITY & TRUST COMPANY *v.* FERRERO.

---

VENDOR AND PURCHASER; ASSUMPTION OF DEED OF TRUST INDEBTEDNESS; CONTRACTS.

A grantee of real estate subject to a prior deed of trust executed by one of his predecessors in title does not, by his acceptance of the deed conveying the title to him, although it provides that he shall assume payment of the deed of trust indebtedness, render himself liable to an action by the holder of such indebtedness for a deficiency after foreclosure proceedings, when the immediate grantor of such grantee took the property subject to the deed of trust indebtedness but did not assume its payment, as there is no privity between such grantee and the holder of the indebtedness and no consideration for the promise.

No. 2869.   Submitted February 24, 1916.   Decided April 10, 1916.

Note.—As to right of mortgagee to enforce purchaser's promise to pay the mortgage where the grantor or promisee was not himself liable, see notes in 22 L.R.A.(N.S.) 492; 39 L.R.A.(N.S.) 151.

HEARING on an appeal by the plaintiff from a judgment dismissing an action to recover the balance due on four promissory notes secured by deed of trust, the court having sustained a demurrer to the declaration and the plaintiff having elected to stand upon its declaration.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by the American Security & Trust Company from a judgment sustaining a demurrer to its declaration in an action to recover the sum of $2,975.73, with interest, being the balance due on four notes for $5,000 each.

The plaintiff elected to stand upon its declaration.

The facts are these: The plaintiff conveyed to one Henry C. Cryer on July 12, 1912, certain premises in the city of Washington known as the Hood Building, part of the consideration of which consisted of four notes for $5,000 each. On the same day Cryer executed a trust deed conveying the said premises as security for the payment of said notes. October 2, 1912, Cryer conveyed the premises to Clarence F. Norment, who took the conveyance subject to the trust, but without assuming the payment of the same. October 21, 1912, Norment conveyed the premises to Ferrero, who accepted the deed providing that the grantee assumed the payment of the notes as described. That by the terms of the trust deed the entire principal of all the notes became due upon failure of the maker to pay any instalment of interest. An instalment of interest having become due after the sale to Ferrero, the American Security & Trust Company elected to declare the notes due, and the property was advertised in accordance with the terms of the trust and sold for the sum of $18,000, which, after deducting the expenses of the sale, was applied to the payment of said notes, leaving a balance due on the last note of $2,975.73.

It was agreed that Norment did not assume payment of the notes secured by said trust deed when he took the conveyance of said property.

*Mr. A. A. Hoehling, Jr., Mr. Stanton C. Peelle,* and *Mr. C. F. R. Ogilby,* for the appellant:

The principal question is whether a grantee assuming a mortgage debt from one not personally liable therefor, is liable to the mortgagee, who adopts the agreement.

There are three lines of decision: First, cases based upon the equitable doctrine of subrogation, which are relied upon by appellee, but which do not apply to the present case. (*Giesy* v. *Gregory,* 15 App. D. C. 49; *Keller* v. *Ashford,* 133 U. S. 610; *National Bank* v. *Grand Lodge,* 98 U. S. 123; *Union Life Ins. Co.* v. *Hanford,* 143 U. S. 187; *Willard* v. *Wood,* 135 U. S. 309; *Willard* v. *Wood,* 164 U. S. 502; *Willard* v. *Wood,* 1 App. D. C. 44); second, cases of the type condemned by this court and the supreme court (*Cobb* v. *Fishel,* 15 Colo. App. 384; *Marble Savings Bank* v. *Mesarvey,* 101 Ia. 285); third, cases upon which appellant relies, to the effect that assumpsit will lie in behalf of a mortgagee against a grantee of the mortgaged premises who has assumed the mortgage debt from a grantor not personally liable therefor (*Birke* v. *Abbott,* 103 Ind. 1, 6–7; *Crone* v. *Stinde,* 156 Mo. 262; *Dean* v. *Walker,* 107 Ill. 540, 544, 547; *Enos* v. *Sanger,* 96 Wis. 150; *Hare* v. *Murphy,* 45 Neb. 809; *Harts* v. *Emery,* 184 Ill. 560, 566; *McKay* v. *Ward,* 20 Utah, 149; *Merriman* v. *Moore,* 90 Pa. St. 78, 81; *Orman* v. *N. Ala. Dev. Co.* 53 Fed. 469, 470; Page on Contracts, Vol. 3, pp. 2037–9, and note 13, p. 2039).

2. Privity of contract is implied by law. *Enos* v. *Sanger* (*supra*); *Merriman* v. *Moore* (*supra*); *National Bank* v. *Grand Lodge* (*supra*); *Orman* v. *N. Ala. Dev. Co.* (*supra*); *Whitehead* v. *Burgess,* 61 N. J. L. 75.

3. The legal and equitable doctrines on the subject are the same. *Orman* v. *N. Ala. Dev. Co.* (*supra*); Page on Contracts (*supra*); *Gifford* v. *Corrigan,* 117 N. Y. 257, 264.

4. The action was not prematurely brought. The provisions of the deed of trust had the effect of maturing the deed of trust notes for all purposes upon default. *Chambers* v. *Marks,* 93

Ala. 412; *Gregory* v. *Marks,* 8 Biss. 44, 45–47; *Wheeler &
Wilson Mfg. Co.* v. *Howard,* 28 Fed. 741.

5. The agreement of assumption is not merged in the deed
executed in pursuance thereof. *Lynch* v. *Moser,* 72 Conn. 714
and cases cited. The pleadings in the present case do not afford
any basis for a merger. The assumption clause in a deed binds
the grantee as by a simple contract. *Willard* v. *Wood,* 1 App.
D. C. 44, 57 (*supra*). The grantee need not sign the deed in
order to be bound by the assumption clause. *Dean* v. *Walker*
(*supra*); *Keller* v. *Ashford* (*supra*).

*Mr. Alexander Wolf* and *Mr. Joseph I. Weller* for the ap-
pellee.

1. The payee of notes secured by deed of trust which has been
foreclosed may not proceed at law against a party who is the
grantee of a former owner of the property, who had purchased
subject to, but without assuming, payment of the debt secured
by the trust, the payee of the notes not being a party to the trans-
action between the defendant and his immediate grantor. The
defendant having as between himself and said immediate grantor
assumed payment of the debt secured under the trust deed. The
relation and liabilities as between an assuming grantor and the
mortgagee is always controlled by the law of the place of the
contract, in this case the District of Columbia; and there is no
liability in this District on the part of a grantee where his imme-
diate grantor is not liable. *Keller* v. *Ashford,* 133 U. S. 610;
*Willard* v. *Wood,* 135 U. S. 309; *Willard* v. *Wood,* 1 App. D.
C. 44; *Willard* v. *Wood,* 164 U. S. 502; *Giesy* v. *Gregory,* 15
App. D. C. 49; *Nat. Bank* v. *Grand Lodge,* 98 U. S. 123; *Union
Life Ins. Co.* v. *Hanford,* 143 U. S. 187. The same doctrine
obtains in many of the States. 9 Ency. Pleading and Practice,
469; *King* v. *Whitely,* 10 Paige (N. Y.) 465; *Bidell v.
Brizzolara,* 64 Cal. 354; *Morris* v. *Mix,* 4 Kan. App. 654; *New
England Trust Co.* v. *Nash,* 46 Pac. 987; *Brewer* v. *Mauer,* 38
Ohio St. 543; *Osborne* v. *Cabell,* 77 Va. 462; *Brown* v. *Still-
man,* 43 Minn. 126; *Crowell* v. *Currier,* 27 N. J. Eq. 152;

Pingrey, Mortgages, secs. 1029, 1030. The law of the State of Illinois (*Dean* v. *Walker,* 107 Ill. 540) is not the law of the District of Columbia. 143 U. S. 187.

2. A conveyance of mortgaged land by a grantor who is not personally liable for the payment of the debt thereby secured is not equivalent to remitting money to another with the request that it pay over to the holder of the mortgage in satisfaction of the encumbrance. *Young Men's Christian Assn.* v. *Croft,* 55 Pac. 439; *Morris* v. *Mix,* 4 Kan. App. 654; *Brown* v. *Stillman,* 43 Minn. 126.

3. Nor does the fact that the grantor obtained the benefit of an existing mortgage by having the amount allowed to him as part of the purchase money make any difference. The purchase money was payable to his grantor, and this assumption is to him and in his favor. *Cragin* v. *Lovell,* 109 U. S. 194; *Osborne* v. *Cabell,* 77 Va. 462; *Hicks* v. *Hamilton,* 144 Mo. 495; *Wise* v. *Fuller,* 29 N. J. Eq. 257; *Jefferson* v. *Asch,* 53 Minn. 446; *Mellen* v. *Whipple,* 1 Gray (Mass.) 317; *Ward* v. *De Oca,* 120 Cal. 102; *Stewart* v. *Warder,* 42 Mich. 154; *Meetch* v. *Ensign,* 49 Conn. 191.

4. A provision in a deed of trust accelerating maturity of notes secured for purposes of foreclosure does not also accelerate maturity for purpose of suit on the notes. Secs. 1305–1308, Code; 1 Randolph on Commercial Paper, sec. 114, p. 184; 2 Randolph on Commercial Paper, sec. 1050a, p. 1580; Thomas on Mortgage Foreclosure, sec. 265; Wiltsie on Mortgage Foreclosure, sec. 265; 7 Cyc. 630; *Owens* v. *McKenzie,* 133 Mo. 333; *Railway Co.* v. *Sprague,* 103 U. S. 756; *White* v. *Miller,* 52 Minn. 367; *McClellan* v. *Bishop,* 42 Ohio St. 132.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We think there was no error in sustaining the demurrer. There was no privity between Ferrero and the American Security & Trust Company. Norment was under no obligation to pay the notes, and there was no consideration for Ferrero's promise

to assume the payment of the same.  *Second Nat. Bank* v. *Grand Lodge, F. & A. M.* 98 U. S. 123, 25 L. ed. 75.

Had Norment been under contract to pay the debt due the mortgagee, a bill in equity would lie on behalf of the mortgagee, because by that contract Ferrero would become the principal debtor and Norment the surety, and the creditor would have the benefit of the securities given to the surety for the payment of the debt.  This does not rest upon any liability of the principal to the creditor, or upon any peculiar relation of the surety towards the creditor; but upon the ground that the surety, being the creditor's debtor, and in fact occupying the relation of surety to another person, has received from that person an obligation or security for the payment of the debt, which a court of equity will therefore compel to be applied to that purpose at the suit of the creditor.  *Keller* v. *Ashford,* 133 U. S. 610–623, 33 L. ed. 667–673, 10 Sup. Ct. Rep. 494; *Willard* v. *Wood,* 135 U. S. 309, 34 L. ed. 210, 10 Sup. Ct. Rep. 831; *Union Mut. L. Ins. Co.* v. *Hanford,* 143 U. S. 187–190, 36 L. ed. 118–120, 12 Sup. Ct. Rep. 437.

As was stated by Mr. Justice Gray in *Willard* v. *Wood,* 135 U. S. 309–313, 34 L. ed. 210–213, 10 Sup. Ct. Rep. 831: "If the agreement of the grantee is considered as in the nature of assumpsit, implied from his acceptance of the deed, still, being made with the grantor only and for his benefit, upon a consideration moving from him alone, there being no privity of contract between the grantee and the mortgagee, and the latter not having known of or assented to the agreement at the time it was made, nor having since done or omitted any act on the faith of it, it follows that, by the law as declared by this court, and prevailing in the District of Columbia, the mortgagee cannot maintain an action at law against the grantee."  This seems to be conclusive of the question.

It is contended on behalf of the appellant that the promise in this case was made for the benefit of the American Security & Trust Company, mortgagee, upon a consideration passing between Norment and Ferrero, and that the action at law would lie upon the promise made for the benefit of another.

This is not the case where one person upon a consideration has made an express promise to pay money to a third.

Norment had no contract to make payment to the American Security & Trust Company, was under no obligation to it in any respect; he had no connection with it and no interest in it, and it was not named as the promisee, and knew nothing about the transaction whatever. Other questions arising on the record need not be considered.

The judgment is affirmed, with costs. *Affirmed.*