## TUSCANY v. PAPP et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8974. Decided Apr. 16, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**REAL ESTATE.**

(510 P4) A second mortgagee who waives priority of the first mortgage to allow the mortgagors to increase the same, is later estopped to set up that his act in waiving priority prejudiced the makers of the former note and their transferees, in order that he may obtain a personal judgment against them.

Appeal from Common Pleas.
Decree modified.

F. E. Bruml, Cleveland, for Tuscany.
Nicholas Papp. Cleveland, for Papp.

STATEMENT OF FACTS.

The defendants, Alexander Papp and wife owned certain real estate in 1923 and mortgaged the property so owned by executing a mortgage deed in the sum of $3000.00 to The West Side Savings & Loan Association as a first mortgage, and a second mortgage was executed by them to Stephen Papp, Jr., in the sum of $1500.00. Subsequently this second mortgage was disposed of to the plaintiff, Arthur Tuscany, and this mortgage is the instrument which forms the basis of the action. Later the owners, co-defendants herein, sold the property to one Charles R. Puchhas who assumed the two mortgages aforesaid. Payments were made on the first mortgage to The West Side Savings & Loan Association to an extent which reduced the amount of the first mortgage from $3000.00 to $2759.00. The purchaser negotiated for a new loan to the association, for the purpose of increasing it from $2759.00 to which the original loan of $3000.00 had been reduced, to the sum of $3800.00. As part of this transaction, Tuscany, the holder of the $1500.00 second mortgage, waived priority in writing on the original mortgage in favor of the mortgage for $3800.00 loaned in good faith by The West Side Savings & Loan Association, and later the property mortgaged was purchased by one Sherepito and wife who assumed the indebtedness.

In the petition of the plaintiff there is a prayer for a personal judgment against Alexander Papp and wife, the original makers of the note, the payee and endorser of the note, Stephen Papp, the original purchaser, Charles R. Puchhas and the Sherepitos who purchased the property and assumed the obligation from Pucchas. It is urged that Alexander Papp and wife were legally prejudiced in their rights because Tuscany who purchased the $1500.00 mortgage from Stephen Papp, Jr., had waived priority in favor of the new mortgage to the association which increased the loan and the amount of the lien to the sum of $3800.00 as herein noted, and it is claimed that by this waiving of priority they were released from liability.

The decree below held that while they were not realesed from personal liability, that the waiver by Tuscany in favor of the association was of no legal effect because it enfringed the legal status of Papp. The association in the decree below was given a first lien for the amount of the original mortgage which had been cancelled and decreed a second lien in the full amount to Tuscany and to the association a third lien for the difference between the indebtedness existing at the time of the waiver and the amount of the new loan.

SULLIVAN, PJ.

It is a well established doctrine that where a grantee assumed the obligation for the payment of a mortgage, he becomes personally liable to the mortgagee and the latter is then in a position where he may elect to treat the grantee as principal on the evidences of indebtedness and the makers as surety or he may reverse the order by his own election. We think this rule of law finds authority in Denison University v. Manning 65 OS. 138; Society of Friends v. Haynes 47 OS. 423 and Stearns on Suretyship, p. 25, Section 23 and Section 90.

In the case at bar we have the loan association in good faith increasing the loan and furnishing the money to the new owner, Puchhas; this was done with the consent of Tuscany, the owner of the second mortgage, and at the request of Puchhas, the owner; the in-

ducement for the additional loan unquestionably must have been the consent to the transaction on the part of Tuscany and when he waived priority in a transaction where the association, the owner and the second mortgagee were parties, and when it was done upon the express understanding of consent and waiver, then it follows as a matter of law that Tuscany cannot repudiate the express terms of the contract because he is estopped from so doing by virtue of his waiver of priority. This legal and equitable aspect of the case, by the relationship between Tuscany and Papp, at least to the extent that it could affect the lien of The West Side Savings & Loan Association, is prior to any of the other liens because of the contract of which the waiver forms a basis, made by the association, the second mortgagee and the owner of the property.

In this case the question of innocent parties is not involved. The record shows a bona fide contract, the basis of which was the consent and waiver upon which the increased loan was made, and the first mortgage cancelled, and the change in the mortgage was made by one having unquestioned authority and thus an alteration was made in the note and mortgage which is the subject of the action about which there can be no issue. The question at bar is one purely of contract and the parties concerned executed it, the bank acted in good faith, the loan was made, and the claim of the plaintiff that he was prejudiced in his rights thereby is of no legal avail under the record in the case and the authorities applying thereto.

Tuscany, as plaintiff, was the moving factor in securing the increased loan and the cause of the association cancelling the first mortgage and parting with its money. He was the inducement by his act of waiver, on an instrument he owned, and controlled, that caused the association to release its first security and part with its funds. By his own act he contracted in writing to subordinate his lien to the association for the new loan. These are acts upon which the association obviously depended to make the loan and, but for which it would not have made the loan. Now he comes as plaintiff to undo the act which he created. It is an act which bars him by estoppel from wrecking the structure which he himself builded in conjunction with the owner and the association.

Under such a status the law prevents him from shifting position to the injury of the association, acting in good faith, to its substantial injury. The law frowns upon such conduct and its penalty is to hold him to his own agreement, even to his injury, as against the association acting in good faith.

Thus holding a decree may be entered in favor of The West Side Savings & Loan Association in conformity with this opinion.
(Levine and Vickery, JJ., concur.)