## TAMIAMI INV. CO. v. BERK.
### No. 4531.

Circuit Court of Appeals, Third Circuit.
April 13, 1932.

THOMSON, District Judge, dissenting.

Mahlon E. Lewis and Alter, Wright & Barron, all of Pittsburgh, Pa., for appellant.

Leonard K. Guiler, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

THOMPSON, Circuit Judge.

This is an appeal by the plaintiff from a judgment of the District Court sustaining a statutory demurrer to the plaintiff's statement of claim.

The Tamiami Investment Company, plaintiff herein, conveyed a tract of land in Florida to the Clayton C. Townes Company. The Townes Company executed and delivered to the plaintiff a number of promissory notes aggregating $116,852.99, and, as collateral security therefor, delivered to the vendor a mortgage deed covering the same tract of land. Later the Townes Company conveyed the land by deed to the defendant, Berk. The deed was acknowledged and delivered in Ohio. It recited the existence of three mortgages, among which was the mortgage to the Tamiami Company, and contained the following clause: "All of which the Second Party hereby assumes and agrees to pay."

The defendant paid all but $26,947.24 of the principal debt evidenced by the notes and mortgage.

The plaintiff brought suit against Berk in the District Court to recover the amount due on the notes, without having brought suit against the Townes Company, or having foreclosed the mortgage. The defendant, by affidavit of defense in lieu of demurrer, raised the following issues:

"1st. Plaintiff has not stated a good and legal cause of action against the defendant.

"2nd. Under the law the plaintiff cannot maintain this suit in its own name.

"3rd. Plaintiff does not aver that the mortgaged property has been applied to the payment of the debt, secured by said mortgage.

"4th. Plaintiff cannot maintain this suit until it has pursued its remedy against the real estate secured by said mortgage.

"5th. The plaintiff does not aver that it has suffered any loss or damage.

"6th. The alleged claim of the plaintiff is contrary to the public policy of the Commonwealth of Pennsylvania as defined in the Act of June 12, 1878, P. L. 205, and the decisions of the Courts of said state construing said Act.

"7th. The alleged claim of the plaintiff is illegal and contrary to the common law as construed by the Courts of the United States.

"8th. The remedy invoked by the plaintiff is illegal and not authorized by the laws of the Commonwealth of Pennsylvania."

The District Court, in sustaining the demurrer, held that the case was controlled by the Pennsylvania Act of June 12, 1878, P. L. 205 (21 PS §§ 655, 656), which specifically denies a mortgagee the right of recovery against a grantee who has merely assumed the mortgage debt by purchasing the property under and subject thereto, and that there could be no recovery. As an additional ground for denying recovery, the court pointed out that, if the act of 1878 did not apply, the case was controlled by the ruling in Johns v. Wilson, 180 U. S. 440, 21 S. Ct. 445, 448, 45 L. Ed. 613. The court entered judgment for the defendant, from which the plaintiff appealed.

In the recent case of McCurdy's Estate, 303 Pa. 453, 154 A. 707, the Supreme Court of Pennsylvania construed the act of 1878, and held that recovery upon a contract of assumption made in Florida is not against the public policy of the state of Pennsylvania.

It is clear from a review of the federal cases that to support an action by a mortgagee against a purchaser from the mortgagor there must be privity of contract between the mortgagee and the purchaser. It will not suffice to show that, as between the mortgagor and the purchaser, the latter assumed the mortgage.

The Supreme Court said in Keller v. Ashford, 133 U. S. 610, 621, 10 S. Ct. 494, 497, 33 L. Ed. 667:

"In the case at bar, the promise of Ashford was to Thompson, and not to the mortgagees; and there was no privity of contract between them and Ashford. The consideration of the promise moved from Thompson alone. The only object of the promise was to benefit him, and not to benefit the mortgagees or other incumbrancers; and they did not know of, or assent to, the promise at the time it was made, nor afterwards do or omit any act on the faith of it. It is clear, therefore, that Thompson only could maintain an action at law upon that promise.

"In equity, as at law, the contract of the purchaser to pay the mortgage being made with the mortgagor, and for his benefit only, creates no direct obligation of the purchaser to the mortgagee."

The court had previously said: "Upon the question whether the mortgagee could sue

at law, there is no occasion to examine the conflicting decisions in the courts of the several states, because it is clearly settled in this court that he could not."

A succinct statement on this point is found in the opinion of Mr. Justice Gray in Union Mutual Life Insurance Company v. Hanford, 143 U. S. 187, 12 S. Ct. 437, 438, 36 L. Ed. 118:

"Few things have been the subject of more difference of opinion and conflict of decision than the nature and extent of the right of a mortgagee of real estate against a subsequent grantee, who by the terms of the conveyance to him agrees to assume and pay the mortgage.

"All agree that the grantee is liable to the grantor, and that, as between them, the grantee is the principal and the grantor is the surety, for the payment of the mortgage debt. The chief diversity of opinion has been upon the question whether the grantee does or does not assume any direct liability to the mortgagee.

"By the settled law of this court, the grantee is not directly liable to the mortgagee at law or in equity; and the only remedy of the mortgagee against the grantee is by bill in equity in the right of the mortgagor and grantor, by virtue of the right in equity of a creditor to avail himself of any security which his debtor holds from a third person for the payment of the debt. Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494 [33 L. Ed. 667]; Willard v. Wood, 135 U. S. 309, 10 S. Ct. 831 [34 L. Ed. 210]."

The plaintiff seeks to avoid the effect of the federal decisions by the fact that the purchaser assumed the mortgage debt in Ohio, and that the law of that state should apply. Duvall-Percival Trust Co. v. Jenkins (C. C. A.) 16 F.(2d) 223; Federal Surety Co. v. Minneapolis Steel & Machinery Co. (C. C. A.) 17 F.(2d) 242; Scudder v. Union National Bank, 91 U. S. 406, 23 L. Ed. 245. Its contention is that, under the law of Ohio, a purchaser of land who assumes a mortgage debt is directly liable to the mortgagee. Brewer v. Maurer, 38 Ohio St. 543, 43 Am. Rep. 436; Society of Friends v. Haines, 47 Ohio St. 423, 25 N. E. 119. This does not help the plaintiff, however, on the ultimate question whether the demurrer should have been sustained. If the law of Ohio is to be applied, it is in accord with the statement made by the Supreme Court in Johns v. Wilson, supra, that: "Undoubtedly the mortgaged property must first be applied to the payment of the debt." In Marion Develop-

ment Co. v. Bruce, 39 Ohio App. 253, 177 N. E. 471, and cases therein cited, it is held that no personal judgment may be entered against the grantee until the mortgaged premises are sold and it is determined that a deficiency exists. In the case at bar, the action was brought against the grantee without a prior determination that a deficiency existed.

The judgment of the court below is affirmed.

THOMSON, District Judge (dissenting).

As I find myself unable to concur in the views of the majority of the court, and feeling that a fundamental principle is involved of very considerable importance, I have thought it not inappropriate to briefly express my views by way of dissent.

A corporate citizen of Florida conveyed to an Ohio corporation a tract of land in Florida. In part consideration of the purchase price, the purchaser executed and delivered to the vendor 31 promissory notes, and, as security for their payment, executed a mortgage on the property to the vendor. Afterwards, the purchaser conveyed the land in question to the defendant Berk, of Cleveland, Ohio. By the terms of this deed, the land was conveyed subject to the aforesaid mortgage; the deed expressly providing that the purchaser (Berk) would assume and agree to pay the notes owing to the mortgagee. After the conveyance, the purchaser paid about $90,000 of the notes, but refused to pay the balance; thereupon, suit was brought by the Florida Company, mortgagee, against Berk to recover the balance of the notes, in the United States District Court for the Western District of Pennsylvania. Judgment was entered for the defendant, which the opinion of this court affirms. My positions are as follows:

First. The Pennsylvania Act of 1878 (21 PS §§ 655, 656) has no application to this case, because, under its provisions, the grantee of real estate bound by a mortgage is not personally liable for the payment of the same unless he shall, by an agreement in writing, have expressly assumed a personal liability therefor, or there shall be express words in the deed of conveyance stating that the grant is made on condition of the grantee assuming such personal liability; and the right to enforce such personal liability shall not inure to any person other than the person with whom such an agreement is made, nor shall such personal liability continue after the grantee has bona fide parted with the incum-

bered property, unless he shall have expressly assumed such continuing liability.

Under the terms of this act, the right to enforce any personal liability could not inure to the original mortgagee, because it was not the person with whom the agreement for personal liability was made.

Second. The law of this case is to be determined and governed by the law of Ohio, where the contract was made.

Third. Under the decisions of the Ohio courts, which are very numerous, a mortgagee is allowed an action against a grantee who has assumed and agreed to pay the mortgage.

An excellent annotation on the liability of the grantee assuming a mortgage debt to a mortgagee is found in 21 A. L. R. 439, note, the general rule being stated as follows: "In the great majority of jurisdictions the doctrine is well settled that where a purchaser of mortgaged lands from the mortgagor, assumes and agrees to pay the mortgage thereon he becomes personally liable therefor, which liability enures to the benefit of the mortgagee, who may enforce it in an appropriate action."

Among the Ohio cases, the following may be cited: Brewer v. Maurer, 38 Ohio St. 543, 43 Am. Rep. 436; Poe v. Dixon, 60 Ohio St. 124, 54 N. E. 86, 87, 71 Am. St. Rep. 713; Butler v. Creager, 2 Ohio C. C. 542; Society of Friends v. Haines, 47 Ohio St. 423, 25 N. E. 119; Pendery v. Allen, 50 Ohio St. 121, 33 N. E. 716, 19 L. R. A. 367; Tuscany v. Papp et al., 30 Ohio App. 49, 164 N. E. 126.

Fourth. The line of distinction which I think reconciles the various decisions is the difference between taking a property "under and subject" to the payment of a mortgage, in which case no personal liability is created, and the case where the purchaser takes the property subject to the mortgage which he assumes and agrees to pay. In this latter case, a personal liability is created. Such contract is made upon a consideration moving to the promissor. As the courts have said, the true import of it is not to pay the debt of another, but to discharge the promissor's own obligation. Instead of paying the whole of the stipulated purchase price to his grantor, he agrees to pay it to the one who holds the incumbrance, thus making the sum due his own debt. And, when he pays it, he is but paying what he agreed to pay for the land in the manner agreed upon; and there is no reason which can be asserted why such a contract may not be enforced in favor of the mortgagee which might not be equally effective against its enforcement by the vendor. See, particularly, Society of Friends v. Haines, supra.

In Poe v. Dixon, supra, the court said: "As between themselves [the grantor and grantee], the one who has thus assumed the debt is regarded as the principal debtor, and the other as a surety, and they respectively incur the obligations and acquire the rights that are by law attached to the relation each occupies."

Fifth. There was no duty resting on the plaintiff to first exhaust the real estate. The action was properly brought in the United States District Court, and the court erred in not applying the law of Ohio in the disposition of the suit, which would have necessarily resulted in a judgment for the plaintiff. I would therefore reverse the judgment.