MONTPELIER SAVINGS BANK AND TRUST COMPANY, Appellee, v. LOUISA M. ARNOLD *et al.*, Appellees, AND M. H. PARKS, Appellant.

1. **Mortgage**: FORECLOSURE: AGREEMENT: EVIDENCE. The evidence in this case considered, and *held* to show an agreement between the [copartners, Parks & Olney, at the time of receiving a conveyance of the property in ·controversy, that Parks should assume and pay, as his share of the purchase money for said property, a mortgage thereon of fifteen hundred dollars.

2. —————: ———: PARTIES: RELIEF. In an action to foreclose a mortgage on real estate the defendant O., being the holder of a junior mortgage upon a part of the same premises, filed a cross-petition against his codefendant P. to enforce an agreement made with him by P., whereby he assumed and agreed to pay the mort gage sought to be foreclosed. *Held*, that the cross-petitioner, O., had such an interest in the subject-matter of the action, and said agreement with P. had such relation thereto, as to entitle him to seek relief thereunder in the same action.

3. ———: ———: ———: ———. The above mortgage and agreement being established, *held*, that the cross-petitioner, O., was entitled to a decree awarding him any surplus remaining from the foreclosure sale, after satisfaction of the prior mortgage, and to a judgment against his codefendant, P., for such amount as he should be compelled to pay to protect his lien against plaintiff's mortgage.

4. ———: ———: REDEMPTION: CREDIT ON JUDGMENT. The portion of the mortgaged premises covered by O.'s mortgage was sold separately, and purchased by plaintiff. Within the required period O. redeemed from the sale, but did not enter upon the record the amount he was willing to credit upon his judgment against P. *Held*, that the omission to make such entry did not operate as a satisfaction of O.'s judgment against P.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, OCTOBER 16, 1890.

THIS is an action in equity, wherein the plaintiff obtained personal judgment against defendants, L. M. and J. H. Arnold, upon their promissory note for fifteen

hundred dollars, and a decree as to all the defendants, foreclosing a mortgage executed by L. M. and J. H. Arnold to J. W. Squire, trustee, on the northeast quarter of section twenty-three, township seventy-five, range forty, to secure said note.

Appellee Olney filed his cross-petition against appellants, M. H. Parks and Jacob H. Coffelt, alleging that Parks and Olney, as partners, received a conveyance from said Arnolds of said northeast quarter of section twenty-three, together with other real estate, they assuming the payment of the fifteen-hundred-dollar mortgage to Squire, trustee; that afterwards Parks and Olney conveyed to Coffelt said northeast quarter of section twenty-three, in which conveyance Parks assumed the payment of said fifteen-hundred-dollar mortgage; that on the same day Coffelt executed to appellee his two promissory notes for five hundred and fifty dollars each, and a mortgage on the north half of said northeast quarter, to secure the same, said mortgage reciting that it was second to the mortgage to Squire, trustee, "conveying the northeast quarter of section twenty-three, township seventy-five, range forty, which is assumed to be paid by M. H. Parks;" that on the same day Coffelt executed to Parks his mortgage on said northeast quarter, in which Parks assumed the payment of plaintiff's notes and mortgage; that about July 18, 1885, the firm of Parks & Olney dissolved, each conveying to the other certain real estate belonging to the firm. Appellee Olney asks judgment against Coffelt on the two notes set out in his cross-petition, and that the mortgage given to secure the same be foreclosed; that it be decreed that any sum of money which he may be compelled to pay to protect his title as against plaintiff's mortgage shall be and constitute a judgment against Parks, when such amount is ascertained.

Appellant Parks answered admitting the execution of the notes and mortgages set out in the petition and cross-petition; and, answering the cross-petition, insists that Olney had no cause of action against him affecting

the subject-matter of the action brought by plaintiff, and, therefore, no right to maintain his cross-action; that if he has any cause of action it is at law; that he, Parks, never assumed the payment of plaintiff's mortgage with Olney, but only assumed the payment thereof for the benefit of Coffelt, and that there was no consideration for such promise to Olney; that, in the conveyance of Parks & Olney to Coffelt, the premises were conveyed as to Olney, subject to plaintiff's mortgage, and that the mortgage from Coffelt to Olney was accepted and received by Olney as second to plaintiff's mortgage; that the agreement of Parks to assume plaintiff's mortgage was solely between him and Coffelt, and to which Olney was not a party; and that Olney was not entitled to recover as prayed for in his cross-petition.

On February 24, 1888, the case came on to be heard upon the cross-petition and answer of Parks, Coffelt having made default, and no one appearing for Parks; and, after hearing the testimony upon the issues joined between Parks & Olney, a decree was entered finding that Parks, for a valuable consideration, agreed to pay the fifteen-hundred-dollar note executed to Squire, trustee, "and now gone to judgment in this action;" that, after said agreement, Olney accepted a junior mortgage on the north half of the northeast quarter, section twenty-three, covered by plaintiff's mortgage, to secure said notes executed by Coffelt; and that "judgment and decree of foreclosure of said note and mortgage has this day been entered." It was decreed and adjudged, "That any sum of money which the said J. J. Olney may have to pay in redeeming from the fifteen-hundred-dollar mortgage of plaintiff, foreclosed herein, to protect his title to the north half of the northeast quarter, section twenty-three, township seventy-five, range forty, he shall recover from the defendant, M. H. Parks, with interest and costs of proceedings on the cross-bill herein, and that this cause shall be continued until said amount be ascertained."

Parks filed his motion to set aside the default and decree, which was sustained, and the cause again submitted on the issues joined upon cross-petition. By the answer of Parks, December 7, 1888, a decree was entered affirming the decree of foreclosure of the mortgage from Coffelt, on the north half of said northeast quarter, as entered February 24, 1888, and decreeing that said north half be sold, and the proceeds, or so much as shall be necessary, be applied in payment of plaintiff's lien, as decreed February, 1888, and that the remaining portion of the proceeds, if any, be applied in payment of said judgment in favor of Olney against Coffelt, entered February 24, 1888; and if said north half shall not sell for sufficient to extinguish both judgments, but shall sell for an amount equal to the judgment in favor of Olney against Coffelt, together with costs accrued and accruing, then Parks to pay Olney such portion of his judgment as may remain against Coffelt, together with the costs, after applying the proceeds as before directed. But if the lands sell for less than the judgment held by Olney against Coffelt, together with costs, then Parks to pay Olney the amount of such sale, less any amount thereof that may remain to be applied on said judgment held by Olney against Coffelt, for removing the lien on said land of the judgment held by plaintiff. It was ordered that special execution issue for the sale of said north half of said northeast quarter.

On February 12, 1889, defendant Coffelt filed his motion supported by affidavit to require satisfaction of the judgment rendered against him, and in favor of Olney, but as he has dismissed his appeal, the motion does not demand further notice. On the same day appellant Parks filed his motion to vacate and set aside certain parts of said decree, and for satisfaction thereof, which motion was overruled. The case is now before us on the appeal taken by M. H. Parks, upon the issues joined to the cross-petition of Olney, and upon the motion of Parks to vacate and satisfy the decree.

*Fremont Benjamin* and *Walter I. Smith*, for appellant.

*Frank Shinn* and *L. W. Ross*, for appellee.

GIVEN, J.—I. It is not questioned but that, in receiving title from Arnolds and in conveying to Coffelt, the firm of Parks & Olney assumed and agreed to pay the mortgage debt to Squire, trustee. The contention is, whether Parks agreed with Olney, for a consideration, that he would pay that debt. The testimony shows that they were equal partners; that Parks' means were limited compared to those of Olney, and that, in the exchange of properties with Arnolds, Olney put in about two hundred acres of his own land, valued at seven thousand dollars, and afterwards paid to Arnolds five hundred dollars, as against thirteen hundred dollars, and two years' interest on the fifteen hundred dollars, paid by Parks. These facts are strongly corroborative of Olney's claim that Parks agreed to pay the Squire mortgage on account of his share of the purchase price of the lands received from Arnolds. He is further corroborated by the fact that in their deed to Coffelt, and in the mortgage from Coffelt to Olney and Parks, it is recited that Parks assumed to pay the mortgage to Squire, trustee. The subsequent agreement between Parks and Coffelt that, upon Coffelt's paying the Squire mortgage, Parks would release his mortgage from Coffelt, is also corroborative of what Olney claims. Parks contends that the recitals in the Coffelt deed and mortgages were because of the agreement between him and Coffelt; that Olney was not a party to that agreement; that it was for the benefit of Coffelt, and that Olney is not entitled to any rights under it. The facts do not sustain this claim. The agreement with Coffelt was not made until January, 1887, while the deed and mortgage were made in 1885.

Olney offered in evidence certified copies of the deed to Coffelt, and of the mortgage from Coffelt to

*Margin note:* 1. MORTGAGE: foreclosure: agreement: evidence.

Parks, to which Parks objected as incompetent, and not the best evidence. We are entirely satisfied from the other evidence that Parks agreed with Olney to pay the Squire mortgage, and, therefore, without determining whether these copies were admissible, we do not consider them in passing upon the question now under notice. The testimony as to the settlement of the partnership is indefinite, and not such as, taken alone, would show that Parks assumed to pay the Squire mortgage, but, taken in connection with the other facts to which we have referred, we think it is established by decided preponderance of the evidence, that Parks did so agree, on account of his liability to pay half the purchase price to Arnold.

II. Olney's right to judgment and foreclosure on the notes and mortgage executed to him by Coffelt is fully established. The mortgage being upon part of the same land as plaintiff's, though second thereto, gave him an interest in the subject-matter of the plaintiff's action, and, having Parks' agreement to pay the debt due the plaintiff, he has a cause of action against Parks relating to the same subject-matter, and which he may maintain in this action.

*2. —— : —— : parties : relief.*

III. When Olney took the mortgage from Coffelt as second to plaintiff's he had the agreement of Parks to pay the prior mortgage. Without that agreement he would only be entitled to the rights of a junior mortgagee, but with it he is entitled, as between him and Parks, to have Parks pay the prior mortgage. Parks failed to pay it; hence, the plaintiff was entitled to foreclosure and sale, and Olney, as a junior lienholder, to any surplus that might arise from the sale, and, as against Parks, to judgment for whatever amount he had to pay to protect his lien against plaintiff's mortgage. It is contended that the decree of the district court grants relief not asked. We think the decree is in exact accord with the rights of the parties and with the prayer of the cross-petition.

*3. THE same.*

IV.   Upon the hearing of Parks' motion to vacate and satisfy the judgment and decree, it was shown that the land covered by the plaintiff's mortgage was sold upon special execution in favor of plaintiff; that the part covered by Coffelt's mortgage to Olney was sold separately, and purchased by plaintiff; that within the period for redemption Olney paid to the clerk the amount necessary to redeem the land covered by his mortgage and decree from said sale, but did not enter upon the record any statement of the utmost amount that he was willing to credit upon his judgment.   Parks contends that, under the provisions of the statute, this operates as a satisfaction of the judgment in favor of Olney, and that the same should be canceled.   While Coffelt or his creditors might be heard to urge such a demand, surely Parks had no right to a satisfaction of that judgment.   Olney's redemption was not a waiver or abandonment of his rights under the agreement with Parks.   He was compelled to pay the amount that he did because of Parks' failure to perform his agreement.   So much of the motion as asks that certain parts of the decree be vacated is sufficiently answered in what we have said as to the decree conforming to the rights of the parties.

We think the motion was properly overruled, and that the decree of the district court should be AFFIRMED.

*4. ——: ——: redemption: credit on judgment.*