ALFLEN *v.* MCCLENAGHAN ET AL.

(Decided January 28, 1924.)

*Messrs. White, Cannon & Spieth,* for plaintiff in error.

*Messrs. Maurer, Bolton & McGiffin,* for defendants in error.

LEVINE, J. There is but one important inquiry presented in this proceeding. It relates to the question whether a personal judgment can be recovered by a cross-petitioner in a foreclosure suit, when such cross-petitioner is the holder of a note and mortgage on the same land upon which the plaintiff is seeking to foreclose.

It appears that the plaintiff in error, Gertrude Alflen, was the holder of a note against the original defendant, which note was secured by a second mortgage upon certain land. Said note and mortgage had been executed by a codefendant, W. J. McClenaghan, now one of the defendants in error. John Vrana and Mary Vrana, also defendants in error, assumed the same, and agreed to pay it.

Plaintiff in error was made a party defendant in the court of common pleas in a foreclosure suit brought by the West Side Savings & Loan Association, holders of a first mortgage upon the same land. She accordingly filed her answer and cross-petition, setting up the note held by her, as one cause of action, and prayed for judgment. For her second cause of action she set up her mortgage securing said note, also the necessary averments of conditions broken, and a prayer for foreclosure.

Summons was issued on the cross-petition of plaintiff in error, and proper service was obtained on all the persons against whom relief was sought.

The court of common pleas dismissed the first cause of action of plaintiff in error's cross-petition, and refused to enter judgment in her favor thereon.

The action of the common pleas court was based upon the case of *Krause* v. *Guarantee Title & Trust Co.*, 13 C. C. (N. S.), 477, 22 C. D., 231, wherein it

was held that a personal judgment cannot be recovered by a cross-petitioner in a foreclosure suit, notwithstanding the cross-petitioner holds an express lien on the same land upon which the plaintiff is seeking to foreclose.

We are urged to make a departure from this holding. A careful analysis of the above-cited case discloses that the Circuit Court based its decision upon a comparison between Section 11306, General Code, which relates to joinder of causes of action in a petition, and Section 11317, General Code, which relates to counterclaims. It is pointed out that Section 11306 permits the uniting or joinder of "claims to foreclose a mortgage given to secure the payment of money or to enforce a specific lien for money, and to recover a personal judgment for the debt secured by such mortgage or lien," while Section 11317, which is the section dealing with counterclaims, contains no such provision. The court arrives at the conclusion that the Legislature intentionally omitted the same from Section 11317, General Code, and that the joinder in a cross-petition of a counterclaim for foreclosure and one for a money judgment is not permissible under our Code. It holds that the cause of action arising on the counterclaim for money secured by mortgage lien, asserted in the cross-petition, is wholly unconnected with any cause of action asserted by the plaintiff in foreclosure.

In England, in an action to foreclose a mortgage, a court of chancery has no jurisdiction to render a personal judgment against the mortgagor. Such a judgment could only be obtained by an action at law. This is an exception to the general rule that, where a court of equity obtains jurisdiction of an action, it

will retain it and administer full relief, both legal and equitable, so far as it pertains to the same transaction or the same subject-matter. The purpose of this rule was to relieve parties from the expense and vexation of two suits, one equitable and the other legal, where the whole controversy could be adjusted in the one suit.

In some jurisdictions it was held that a court of equity could not, without statutory authority, decree the payment of the balance that may remain of the mortgage debt, after applying the proceeds of the property mortgaged, unless the debt was such that a court of chancery would have jurisdiction of it, and could enforce it independent of the mortgage. A foreclosure in equity is a proceeding *in rem,* and is not intended ordinarily as an action *in personam.* Without the aid of statutes, or circumstances giving equitable jurisdiction over the demand, the only proper remedy for the deficiency is by action at law upon the note. 3 Jones on Mortgages (8th Ed.), Section 1711.

As to the right of the cross-petitioner to join an action upon a note with an action for foreclosure of a mortgage upon the same land given to secure said note, there are conflicting rulings. The case of *Sebring* v. *Conkling,* 32 N. J. Eq., 24, expresses the English view, and holds that the holder of a second mortgage, who was made a party to a foreclosure suit, cannot, by filing a cross-petition against a mortgagor, obtain a decree for deficiency on his own mortgage. The chancellor stated that a cross-bill is a defense, and it therefore must be confined to the matters in litigation in the original suit. It cannot become the foundation of a decree concerning mat-

ters not embraced in the original suit, and, if it does, no decree can be made on such matters. The liability of the owner of the premises to the second mortgagee for deficiencies is not a matter of defense, but a distinct substantive cause of suit. The object of the cross-petition is not in any sense to aid the defense, but to obtain a decree in favor of one defendant against another in a matter distinct from the subject-matter of the suit.

The case of *Montpelier Savings Bank & Trust Co.* v. *Arnold,* 81 Iowa, 158, 46 N. W., 982, expresses in unequivocal terms the contrary view. It holds that the real estate involved and the mortgages thereon constitute the subject of the action, and that therefore a cross-petitioner is allowed to join an action for personal judgment upon the note with an action for foreclosure of the second mortgage upon the same land given to secure the same.

It will be seen from an examination of the adjudicated cases that a court is without power in a foreclosure suit to render a personal judgment against the mortgagor, where there is no statute which authorizes the rendition of such judgment in a foreclosure suit, and that, except for the statute, there is no power to render a personal decree for a deficiency after sale, but the mortgagee is left to resort to law. In order to determine the extent of the court's power, it becomes necessary to examine the various legislative enactments, and to construe them together, for, without legislative sanction, no authority exists in the court to render a deficiency judgment in a foreclosure suit, even in favor of the original plaintiff who brought the foreclosure suit.

The lawmakers of our state took early occasion to

provide that a personal judgment for a deficiency may be given in the foreclosure action against the party liable for the mortgage debt. Section 11306, General Code, paragraph 8.

To determine the question before us, namely, whether or not a personal judgment can be recovered by a cross-petitioner in a foreclosure suit, when such cross-petitioner is a holder of a note and mortgage on the same land upon which the plaintiff is seeking to foreclose, necessitates a close examination of the various sections of the Code pertaining thereto.

The term "cross-petition" is defined in Section 11303 as an answer which demands affirmative relief. Section 11314 provides that the answer shall contain: (1) A general or specific denial of each material allegation of the petition controverted by the defendant; (2) a statement in ordinary and concise language of new matter constituting a defense, counterclaim, or set-off; (3) when a defendant seeks affirmative relief therein, a demand for such relief.

An answer which seeks affirmative relief is treated by the Code as a cross-petition, and not as a counterclaim, as each is embraced in a separate provision. In order to entitle the defendant to set up in his answer a claim to relief by way of cross-petition, the answer need not contain a denial of the allegations of the petition, but it may consist of a statement of purely affirmative matter.

There is no doubt that subsequent mortgagees and incumbrancers are proper parties defendant to a foreclosure suit by virtue of Section 11255, which provides:

"Any person may be made a defendant who has

or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein.''

When a second mortgagee is made a party defendant, he has the undoubted right to file a cross-petition, which, under our statute, is an answer seeking affirmative relief. It cannot be doubted that in such cross-petition he may ask a foreclosure of his own mortgage upon the same land. It is beyond question that the court will award him such relief, but subjecting it to the rights of the first mortgagee who has priority. Were we to adhere to the old English rule above stated, and to the reasons assigned for the existence of the rule, such second mortgagee could not be allowed to seek a foreclosure of his second mortgage by filing a cross-petition against the mortgagor. If a cross-bill is merely a defense, and therefore must be confined to the matters in litigation in the original suit, then a junior mortgagee cannot be allowed to foreclose his own mortgage by cross-petition in a foreclosure suit brought by a prior mortgagee. It was accordingly held that ''a junior mortgagee, in order to foreclose his own mortgage, cannot, by cross-bill or otherwise, make himself a party to a suit brought for foreclosure of a prior mortgage.'' Wiltsie on Mortgage Foreclosure (4th Ed.), Section 509.

We must therefore look for some statutory authority which enables a court to afford such relief to a junior mortgagee, for, in the absence of statute, no such power seems to exist.

We are cited to Section 11583, General Code, which provides:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants. By the judgment, the court may determine the final rights of the parties on either side, as between themselves, and grant to the defendant any affirmative relief to which he is entitled."

The last part of the section seems to settle all question of the court's power to grant relief in such cases. Note the language: "By the judgment, the court may determine the final rights of the parties on either side, as between themselves, and grant to the defendant *any affirmative relief* to which he is entitled." No more sweeping language could be used.

We are justified in holding that the purpose of the above provision was to re-establish the rule of equity, that, where a court of equity obtains jurisdiction of an action, it may retain it and give full relief both legal and equitable, so far as it relates to the entire matter in controversy. We think that the language is broad enough to authorize a court in a foreclosure suit to afford the cross-petitioner all the affirmative relief to which he may be entitled, including the right to a personal judgment, to the same extent as if he himself were the plaintiff who brought the original foreclosure suit.

There is no reason, so far as we can perceive, for taking the case of a mortgage foreclosure out of this convenient and beneficent rule.

A cross-petition is nothing more or less than a petition filed in behalf of a defendant who is a proper party to the suit, and in that respect it has all the earmarks of a petition. It was accordingly

held that a plaintiff against whom an answer demanding affirmative relief is filed is defendant to a cross-petition. *Kimmel* v. *Pratt,* 40 Ohio St., 344.

We are unable to agree with the ruling and the reasoning of the Circuit Court in *Krause* v. *Guarantee Title & Trust Co., supra.* It places its whole reliance upon the omission from Section 11317, which relates to counterclaims, of a provision similar to paragraph 8 of Section 11306 of the General Code. It reasons therefrom that it was not an unintentional omission. The court seemed to treat a cross-petition as a counterclaim. Section 11314, under the heading, "What answer must contain," makes a clear distinction between an answer containing a counterclaim or set-off and an answer seeking affirmative relief. While it is true that it is nowhere provided in express language that an action to secure the payment of money and a claim to foreclose a mortgage may be joined in a cross-petition, yet by virtue of the sweeping language of Section 11583 there is no doubt that the same is authorized.

We are strengthened in our conviction by the reasoning of the Supreme Court in the case of *Southward* v. *Jamison,* 66 Ohio St., 290, 64 N. E., 135. This is an action in foreclosure in which a judgment was sought by one defendant, on a cross-petition, against a codefendant. The court held that the judgment on the cross-petition was void, not because the same was unauthorized, but because a summons had not been issued thereon and served on the codefendant. The reasoning of the court indicates, though not directly, yet by clear language, that it recognized the equitable right to such a judgment against the

codefendant, and prescribes the mode in which it may be accomplished. Reading from the opinion of Judge Davis, at page 313, of 66 Ohio State (64 N. E., 140) :

"When the cross-petition sets up matters which are not drawn in question in the petition, and seeks affirmative relief against a codefendant, of a nature totally different from that sought in the petition, we think that the plainest principles of justice and constitutional law require that the party who is to be bound by the judgment should have notice of the claim made against him, and that in such case a summons issued on the petition does not confer jurisdiction to render judgment on the cross-petition. Besides, since the cross-petition was adopted in the code from equity procedure, if the statute is not explicit as to the procedure, the equity practice, 'as modified by the spirit of the code, must be resorted to; and under the chancery practice, when a defendant sought relief against a codefendant as to matters not apparent upon the face of the original bill, he must file his cross-bill making parties thereto such of his codefendants and others as was necessary to the relief sought, and process was necessary to bring them in.' "

It is apparent that were it not for the fact that in that case no summons had been issued and served upon the codefendant, against whom such judgment was obtained, the court would have held the same a' valid judgment.

It seems to this court that to compel a cross-petitioner in a foreclosure suit to file a separate suit at law upon a note held by him against the same mortgagor would be destructive of the policy of the

courts, which is against multiplicity of suits. When all the parties are properly before the court, there seems no valid reason why, under the sweeping powers conferred upon the court by virtue of Section 11583, General Code, the court should not adjudicate all the rights and claims of the parties, and why it should not grant any relief which any of the parties may be entitled to.

A similar, though not the exact, state of facts, was involved in the case of *Bertha M. Aldrich* v. *Charles K. Friedman,* 18 Ohio App., 302, decided by the Sixth Appellate District, Lucas county, Ohio, December 3, 1923. It was therein held that a personal judgment may be rendered in favor of a cross-petitioner in a foreclosure suit when such cross-petitioner is the holder of a note and mortgage on the same land upon which the plaintiff is seeking to foreclose, expressly following the ruling as laid down in the case of *Montpelier Savings Bank & Trust Co.* v. *Arnold,* 81 Iowa, 158, 46 N. W., 982.

We are therefore constrained to depart from the rule of procedure enunciated in *Krause* v. *Guarantee Title & Trust Co., supra.* We hold that the common pleas court was in error in refusing to render personal judgment upon plaintiff in error's cross-petition, and the judgment of the common pleas court will therefore be reversed.

*Judgment reversed.*

VICKERY, P. J., and SULLIVAN, J., concur.