## WENNEMAN et v DANIELS

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10218. Decided December 23, 1929

Messrs. Chamberlain, Marty & Fuller, Cleveland, for Wenneman et.

Messrs. Davis, Young & Vrooman, Cleveland, for Daniels.

LEMERT, P. J. & SHERICK, J. (5th Dist) sitting.

LEMERT, PJ.

Plaintiff in error in this case lays great stress upon the holding of the Cuyahoga County Court of Appeals in the case of Alflen vs. McClenaghan to be found in O. L. R. May 6, 1929, 153, decided January 28, 1924 and the decisions cited thereunder.

A careful examination of the case just referred to will reveal the fact that the question considered in that case is not the same question involved in this case. In the case just referred to it was held that the holder of a second mortgage could obtain a personal judgment in the foreclosure action started by the holder of the first mortgage. The question in this case is whether or not the plaintiff in error, one of the makers of the note, secured by a mortgage on property can, in the foreclosure action, compel another party who does not appear in the chain of title, to pay any judgment which may be assessed against the maker of the note by virtue of a contract which the maker of the note claims the other party entered into, assuming such obligation.

Therefore, the issue submitted in the instant case is entirely different from the issue submitted in the case cited by counsel for plaintiff in error and the question raised by the cross petition of the plaintiff in error in the instant case is a question entirely foreign to the matter involved in the original suit in the foreclosure and is a question which ought to be determined in a separate action. We believe there was no place in the court below for admitting or allowing evidence to be introduced under the cross petition of plaintiff in error. The question raised by the plaintiff in error made a moot question. Until after the foreclosure action has been completed and the sale of the property had, the plaintiff in error does not know and has no means of knowing whether or not any deficiency judgment will be assessed against him, and if there is no deficiency

judgment there is, of course, no basis of a lawsuit between the plaintiff in error and the defendant in error.

Upon the facts set forth in plaintiff in error's cross petition, that is, that plaintiff in error upon the request of defendant in error delivered the deed leaving the grantee's name therein in blank, the parties thereto entered into a novation. In other words, the Wennemans gave Daniels authority to insert the name of another grantee which was done.

Of the foregoing proposition we cite 73 OA. 540, 352. In the 18 OA. 302 it was held that a personal judgment cannot be recovered by a cross petitioner in a foreclosure suit under **11306 or 11317 GC**, notwithstanding the cross petitioner holds an express lien upon the same land upon which the plaintiff in error is seeking to foreclose.

Again a cause of action in a cross petition based on an assumption of payment of a mortgage by a grantee in a deed of conveyance of land is directly connected with the subject of the action set forth in a petition to foreclose the mortgages and marshal liens on the real estate within the provisions of **11317 GC**.

Therefore, we find and hold that the prayer of the cross petition prayed and asked for a relief that could not be granted by the court below; that it raised a moot question and seeks by specific performance a thing which specific performance cannot award, and finally, that the contract sued upon is not the contract between the parties by reason of novation. Therefore, it follows that we find no error in the record prejudicial to plaintiff in error and the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

Sherick, J., concurs. Houck, J., not participating.