UNION SAVINGS & LOAN CO. *v.* KUPETZ ET AL.

(Decided June 16, 1930.)

*Mr. Suggs Garber,* for plaintiff in error.
*Mr. Wm. J. Corrigan,* for defendants in error.

SULLIVAN, J. This cause is here on error to the municipal court of the city of Cleveland, wherein the Union Savings & Loan Company commenced suit against the defendants, George Kupetz and Anna Kupetz, predicating its claim upon a written assumption by the defendants of a certain note and mortgage held by the plaintiff, under which assump-

tion it was sought to recover a judgment against the defendants for a deficiency remaining after the exhaustion of the mortgage. The defendants denied that they were indebted in any manner under the note and mortgage to plaintiff, and denied the right to the action sued upon, and it was further asserted in the statement of defense that if the premises encumbered by the mortgage were sold that it was without their knowledge or consent.

The court below held in favor of the defendants and against the plaintiff, and hence these error proceedings, after a motion for new trial was filed and overruled.

On August 5, 1925, plaintiff made a construction loan to one Keller upon certain premises in Cleveland, Ohio, and he thereupon executed a mortgage on the property to the plaintiff in the sum of $6,500, and this mortgage was duly recorded.

On November 14, 1925, Keller agreed to sell the house, together with the lot, to the defendants, and thereupon an escrow agreement was entered into which is made Exhibit B in the record, and it is asserted that in this agreement the defendants assumed subsequent payment of the mortgage indebtedness after consummation of the transaction, whereupon the premises were conveyed to the defendants, and coincident therewith, on or about December 3, 1925, while the transfer was in process of consummation, the defendants executed a written agreement which is claimed to be an assumption of the mortgage indebtedness. It reads as follows:

"Cleveland, Ohio, Dec. 3, 1925.
"The Union Savings & Loan Company,
"323 Euclid Avenue,
"Cleveland, Ohio.
"Dear Sir:
"We beg to advise you that we have purchased property known as L. 209 E. 142nd Street, upon which you hold a mortgage of $6500.00 with an unpaid balance of $6413.33 as of Dec. 2, 1925, and hereby assume payment of said mortgage and the note secured thereby, together with interest at 8% per annum.
"Very truly yours,
"[Signed] George Kupetz,
"[Signed] Anna Kupetz,
"Address: 9103 Woodland.
"Former Owner: Max M. Keller."

Later the premises were sold and conveyed by the defendants to the holders of the legal title, against whom the foreclosure proceedings in the common pleas court were filed.

On July 13, 1928, plaintiff began a foreclosure proceeding in the common pleas court to foreclose the equity of redemption, and did not pray for personal judgment. The judgment of the court was that the plaintiff, the Union Savings & Loan Company, was entitled under the mortgage, with interest, to the sum of $6,731, and thereafter under decree the premises were sold at sheriff's sale, and from the proceeds the sum of $4,559.50 was realized and applied to the amount found due the Union Savings & Loan Company upon the mortgage indebtedness.

Neither Keller, the mortgagor, nor the Kupetzes,

nor the subsequent owners, were made parties to the action, but the then holders of the legal title were. Thus arises the suit on behalf of plaintiff against the defendants for the balance of $2,245.84, with interest, and the question is whether under this state of the record, on the ground of assumption of the mortgage indebtedness, there is a cause of action for this deficiency judgment against the defendants.

It is argued that the memorandum in pen and ink upon the envelope of the escrow order executed by Keller and the Kupetzes, together with the agreement above quoted made December 3, 1925, constitute an assumption of the indebtedness, which would include the amount due on the deficiency judgment; but an examination of the memorandum referred to fails to disclose any obligation assumed by the defendants to pay the mortgage indebtedness. It is indefinite, uncertain, ambiguous, and vague, and an obligation of assumption does not arise from this memorandum.

When we come to examine the other document, of December 3, 1925, as above quoted, we must consider it in connection with the fact that in the foreclosure proceedings the Kupetzes were not made parties defendant, and, while it may not be mandatory under the statute that in the foreclosure proceeding the Kupetzes be made parties defendant, yet it clearly appears, as parties in interest, that they were entitled to service of process because of their right to subrogation, as purchasers; and that this was a substantial right there can be no question, because had they been made parties defendant it may be that there would not have been a deficiency judgment, because of possible and probable action on their part

so to control the foreclosure proceedings and sale that there would be no deficiency judgment against them, or at least not in the amount sued for in the instant case.

Again, we do not see any consideration passing from the Kupetzes to the plaintiff in error by reason of the writing of December 3, 1925. The writing seems to be more in the nature of an advice that the Kupetzes had purchased the property and considered it advisable to notify plaintiff in error of the transaction—and that seems to be the extent to which they obligated themselves in this particular document. At that time they were under no obligation to the plaintiff in error, and plaintiff in error was under no obligation to them, and we think that under the circumstances appearing in the record, and especially because the Kupetzes were not made defendants in the foreclosure suit, a reasonable construction of the writing does not go to an extent which, under all the evidence in the record, and the peculiar circumstances surrounding the transaction, would make the Kupetzes liable for the deficiency judgment which arose from the foreclosure proceedings to which they were not a party.

As to the right of defendants to process in the foreclosure suit we cite Pomeroy's Code Remedies (5th Ed.), paragraph 231, page 369, which is as follows:

"Object of the judgment in foreclosure. Necessary and proper parties herein. These principles may now be applied to the class of actions under immediate discussion,—those brought to foreclose mortgages. Those persons who own or have an estate in the land to be sold under the decree, and those

who, in the original creation of the debt, or by any subsequent assumption of it, are debtors to the mortgagee, and therefore liable to a personal judgment for a deficiency, have an interest in the controversy adverse to the plaintiff, and are beyond doubt necessary parties, if the plaintiff desires to obtain all the relief which the law affords him, namely, of sale and personal judgment for deficiency. If, however, the plaintiff will be satisfied with a partial relief, and simply asks a decree for a sale without any personal judgment for a deficiency, the debtor, unless he is also owner of the land in whole or in part, is not a necessary defendant. The decree and sale must of course divest all ownership and titles to the land or any part thereof, or else there would be no sale but simply the show of one. But in order that the land may produce its full value, the decree and sale must go further than this, and must cut off all subsequent liens and incumbrances, and inchoate interests which are not titles but merely the seeds of titles. There is thus a threefold object of the judgment: (1) To divest the title of the present owner, and transfer the ownership to the purchaser. This is essential, and all persons who have any such title are necessary parties, for without them the whole action would be a nullity. (2) To cut off all liens and inchoate interests, so that the land can be sold at a greater advantage. This is of course not absolutely essential, for a sale can be effected without it. The holders of such liens and inchoate interests are *proper* parties. (3) To obtain a decree for any deficiency which may arise after the sale, against those persons who are liable for the mortgage debt. All such debtors are necessary parties if the plaintiff seeks to obtain this

particular relief; but he may waive this relief and content himself with the sale and the proceeds thereof, in which case these mere debtors would not be necessary defendants. The foregoing principles have been adopted by all the courts. The doctrine is universally established that in the equitable action to foreclose a mortgage by a sale of the mortgaged premises, all persons who own the land or any part thereof, all who have any interest therein vested or contingent, perfected or inchoate, subsequent to the giving of the mortgage, all who are owners or holders of any subsequent liens or incumbrances thereon, and finally all who are personally liable for the debt secured by the mortgage, may generally be united as defendants; and must be made defendants if the plaintiff seeks to obtain a decree affording him all the relief which the court can grant. As titles, interests, and liens prior and paramount to the mortgage are in no way affected by it or by the decree of foreclosure and the sale thereunder, the owners and holders thereof are neither necessary nor proper parties.''

We think that this doctrine laid down by Pomeroy is distinctly applicable and controlling in the case at bar, and our holding, therefore, is that the judgment of the municipal court be, and the same hereby is, affirmed.

*Judgment affirmed.*

VICKERY, P. J., and LEVINE, J., concur.