THE MARION DEVELOPMENT CO. *v.* BRUCE ET AL.

(Decided April 14, 1931.)

*Mr. J. W. Jacoby,* for plaintiff in error.

*Mr. T. B. Mateer* and *Mr. Calvin H. Wood,* for cross-petitioners.

*Mr. Phil. H. Wieland,* for defendant in error Mattie Bruce.

SHERICK, P. J.  Mattie Bruce, as mortgagee, commenced this suit in the court of common pleas against William S. and Lucille Le Fever, as mortgagors, and Ault and Cowgill, the Marion Development Company, and Ruth M. and Greer S. Gibson, as successive grantees of the mortgaged premises.

The petition prays for a foreclosure of the mortgage and for personal judgment as against all defendants for the full face of the mortgage note, which was in the sum of $5,500, with interest from March 1, 1926.  The first cause of action sets forth the note; the second was based on the mortgage; and the third, fourth and fifth averred against the grantees a cause of action based on their respective deeds, which were the source of their title and present interest, and which contained a covenant of assumption and agreement to pay the mortgage described in the second cause of action.

The cause of action directed against the plaintiff

in error, the Marion Development Company, was alleged in the alternative against it and J. W. Jacoby and L. C. Wogan. The petitioner averred that she was unable to learn if the plaintiff in error was a corporation, or whether its name was simply one adopted and used by Jacoby and Wogan individually. These two individuals were also made parties defendant to the petition as mortgagees of the last grantees, Gibson and wife. The record shows that they did have a mortgage on the premises, which was canceled of record on the day the petition was filed.

To this petition the development company, Jacoby, and Wogan, separately answered. The defendants Le Fever also filed an answer admitting the execution and delivery of the note and mortgage, and averred the property's subsequent sale, and assumption of the mortgage and agreement to pay by the subsequent defendant grantees, and prayed the protection of their rights. Ault and Cowgill in separate answer made like averments and prayed for similar relief. The defendants Gibson filed no answer.

The issue made between the plaintiff, Bruce, and the defendants Jacoby and Wogan, who it developed were the president and secretary of the plaintiff in error, may be disregarded, for they were dismissed as defendants when it was made conclusively to appear that the plaintiff in error was a corporation.

The development company's answer sets forth five defenses, one of which was a general denial. Another, which seems to be the real issue made in the suit, is that William Bruce, as the husband and agent of Mattie Bruce, did, in July, 1928, agree with Wogan, acting on behalf of the development com-

pany, to accept a deed of the premises from it procured or to be procured from the Gibsons by it, and it alleged that the company did procure such a deed, wherein William Bruce was named as grantee, and that he, as such agent, accepted this deed as a complete satisfaction of the debts secured by the mortgage, and that thereby it was released from any obligations. The reply filed to this answer denies any such agreement or acceptance. This seems to be the sole issue in the case and was the only issue submitted to the jury. The verdict of the jury recites that the issues were found in favor of the plaintiff, Mattie Bruce, and assessed the amount due her as against any and all remaining defendants at the sum of $7,007.

Thereafter it was moved by the plaintiff in error, and by Ault and Cowgill, and by the Le Fevers, that the verdict be set aside. This motion was overruled, and the court thereupon proceeded, and considered that she (the plaintiff) recover from all remaining defendants the amount of the verdict, and further found the execution and delivery of the mortgage given to secure the note, and that the successive grantees assumed the mortgage "which was to secure the note on which this verdict of the jury and judgment is predicated." It is further found that the plaintiff is entitled to foreclosure, and that if defendants fail to pay within three days the mortgaged premises be sold as upon execution.

An order of appraisement was then issued and the property appraised at $1,800, and an advertisement for sale was duly made, but the property has not yet been sold.

Because of this judgment or order, and by reason

of other claimed grounds of error, the development company prosecutes error. Ault and Cowgill and the Le Fevers likewise file a cross-petition in error.

The plaintiff to maintain her case offered in evidence certain oral testimony, the note, and the mortgage, and also the successive deeds of the subsequent grantees. These documents were admitted in evidence, as were also various letters between Bruce, as agent, and Jacoby and the development company. At the conclusion of plaintiff's case, and at the end of all the evidence, the development company moved for a directed verdict upon the theory that the plaintiff had failed to show that the assumption of this mortgage was for a valuable consideration moving from Ault and Cowgill to it. And it is further advanced that this motion should have been sustained for the reason that it was not pleaded that the company was a corporation, and "that the question of the liability of a grantee assuming a mortgage is a moot question, until after foreclosure proceedings and sale it has been determined whether a deficiency still due on the debt exists."

Turning to the third cause of action, and the proof made thereof, as shown by the deed from the Le Fevers to Ault and Cowgill, we find that it is averred and covenanted that the property is free and clear of all incumbrances "excepting the mortgage of $5,500.00 due December 15th, 1923, to Mattie Bruce, which said grantees assume and agree to pay." And then, examining the fourth cause of action, as alleged, and the proof thereof as shown by the deed of Ault and Cowgill to the development company, we find an exception to the covenant of warranty; that is, referring to the mortgage, "the payment of which is hereby assumed by said grantees."

On this state of the averments and proof we are of the view that it was not incumbent upon the plaintiff to further prove a consideration, for the reason that the expressed assumption of the indebtedness, in and of itself, constitutes the contract which renders the grantees liable, not only to the grantor, but to the mortgagee. See *Poe* v. *Dixon,* 60 Ohio St., 124, 54 N. E., 86, 71 Am. St. Rep., 713. And to our mind it is immaterial that the covenant in the deed from Ault and Cowgill to the development company did not specially stipulate "to pay" the debt, for it is sufficient if it undertook to "assume it." When one assumes a debt he makes that debt his own, and it thereby becomes his own debt, for which he is primarily liable. The consideration for so doing the law ordinarily implies, and it is significant in this case that the deed recites a consideration of $1. We assume that this was the real consideration, in that it was not explained or otherwise proved. Hence it follows that the actual consideration for the transfer made to the plaintiff in error was the diminution in purchase price as expressed by the assumption of the mortgage. We direct attention to Thompson on Real Property, Volume 5, Section 4662, and 19 Ruling Case Law, 380.

Concerning the petition's lack of averment that the development company is a corporation, we must note the fact that the petition and its averments pertaining thereto are couched in the alternative, and that Jacoby, its president, admitted its corporate capacity on cross-examination; and, in fact, he and Wogan in defense made conclusive proof thereof. This they did to escape individual liability. We see no merit in this claimed error, for the record de-

clares that the plaintiff had made diligent endeavor to learn the true fact, and that due to insufficient indexing in the office of the secretary of state, this knowledge was not obtainable.

Considering now the third reason advanced as to why these motions should have been sustained, we are drawn to the statutes. Paragraph 8 of Section 11306, General Code, provides that a personal judgment for a deficiency may be given in a foreclosure action. And Section 11583, General Code, provides that judgment may be given for or against one or more of several defendants, and therein may determine the final rights of the parties on either side, as between themselves. It is therefore provided by statute in this state that a foreclosure and personal judgment, and a determination of all rights, liens, and claims between interested parties pertaining thereto, may be fully adjudicated in one action. That seems to be the purpose of this suit. That this may be done is ably expressed and set forth in the case of *Alflen* v. *McClenaghan,* 32 Ohio App., 43, 167 N. E., 601, and in the case of *Union Savings & Loan Co.* v. *Kupetz,* 37 Ohio App., 371, 174 N. E., 806, it is properly held that a grantee assuming a mortgage is not liable for a deficiency where he was not made a party to the foreclosure proceedings, for the assuming grantee has an interest in the controversy adverse to the plaintiff mortgagee, and is a necessary party. He is entitled to notice in order that he may protect himself, if possible, from further liability. Pomeroy's Code Remedies (5th Ed.), 369.

The language employed by the plaintiff in error as to its third reason leads us to believe that it considers a prior holding of this court in *Wenneman* v.

*Daniels,* 35 Ohio App., 429, 172 N. E., 445, determinative of this claimed error as to the ruling of the court on these motions. Suffice to say that we do not think so. The question in that case pertained to the liability of one who did not appear in the chain of title, and the question there raised by the cross-petition pertained to a speculative liability, before it had been determined if a deficiency did in fact exist.

It is claimed that the court erred in excluding the deed of the Gibsons to William Bruce; perhaps this is true, but we do not deem the error prejudicial, for all the facts pertaining thereto, as to the execution, procurement, delivery, and purpose of the deed, were placed in evidence, and its contents were not disputed.

It is said that the court erred in its remark to William Bruce, when on the stand, at the time the plaintiff's reasons were stated for the exclusion of this deed. The remark was in this fashion: "Your testimony shows you didn't accept the deed." This seems but a statement of that witness's positive testimony. It will be noted that the court did not say in the jury's presence, "The evidence shows that you did not accept the deed." We are of the opinion that the statement made was not prejudicial to the rights of the plaintiff in error and that the jury was not improperly influenced thereby.

The real and only controverted issue in this case is not, "Did William Bruce, as agent, accept this deed?" for its tender to him was fully proved; but, as previously stated, the question is, "Did Bruce, as agent, offer to accept this deed in full satisfaction of his principals' debt, and did Wogan, as agent for the plaintiff in error, accept this offer?"

This is the only issue that the court submitted to the jury, and the court's charge thereon, of which the development company and the cross-petitioners complain, has been carefully examined, and, taken as a whole, we find no error therein.

It is claimed that the court erred in the matter of the correction of the jury's verdict as first returned. It seems that this verdict was destroyed or lost, and it is therefore difficult for us to say that that verdict was proper or improper; and it is claimed that the court erred in its further instruction to the jury, in the absence of the counsel, which the record does not disclose, and which we therefore cannot admit as a fact in this case, and we see no error therein of which the complaining parties may now complain. It is further urged that this court erred in not setting the verdict aside and in entering judgment on the verdict; and this brings us to the serious question in this case.

The issue made by the plaintiff in error, had it been decided by the jury in its favor, would not only have released it from any liability, but all other defendants as well. The jury found "the issues in this case in favor of the plaintiff," and against all defendants, and rightly so, except in the case of the grantees, Gibson, who, by their deed, seem not to have assumed the mortgage debt.

It is stated as a rule, in some jurisdictions, that a personal deficiency judgment may be rendered conditionally, at the time the decree of foreclosure is entered. In the case at bar the personal judgment was not so entered. An examination of numerous authorities convinces us that it is the accepted general rule that, until it shall be made to appear that

an actual deficiency does in fact exist, which cannot be ascertained until after the mortgaged premises are sold, a personal judgment cannot be entered against the mortgagor, and that, if such is prematurely done, it is a nullity.

There can be no question that the court in a decree of foreclosure may and should determine the amount due the mortgagee on the mortgage debt, but we hold that a personal judgment may not then be entered, on a verdict prematurely returned, for the full amount of the debt as against the mortgagor or the assuming grantees.

This court said in *Wenneman* v. *Daniels, supra,* page 431 of 35 Ohio App., 172 N. E., 445, 446: "Until after the foreclosure action has been completed and the sale of the property had, plaintiffs in error do not know and have no means of knowing whether or not any deficiency judgment will be assessed against them." The plaintiff in this case by a joinder of causes of action, as permitted by statute, seeks both the remedy of foreclosure and personal judgment, and in fact thereby elects not to pursue the mortgagors individually or enforce strict foreclosure, but to look to the land as primarily liable for the debt and a deficiency judgment as against those liable if a deficiency in fact is shown to exist. And it is the view of this court that the land is primarily liable for the debt.

It is well settled that an assuming grantee of mortgaged premises by his contract of assumption becomes primarily liable for the mortgage debt. And there can be no question that such grantee stands in the relation of guarantor of the mortgage debt as towards his grantor, the mortgagor. It is held in

*Whitney* v. *Meister,* 16 C. D., 593, 5 C. C. (N. S.), 271, that a "personal judgment cannot be taken against a grantee, who has become the owner of land subject to mortgage, by exchange of properties, until the land has been sold to satisfy the mortgage and it is found that a deficiency exists." Of this holding the Supreme Court approved. *Whitney* v. *Meister,* 74 Ohio St., 472, 78 N. E., 1141. See also 19 Ruling Case Law, page 668.

Now, if it be the rule that an assuming grantee is primarily liable for the amount of any deficiency judgment, and that a personal judgment cannot be entered against him until after foreclosure and sale, and a deficiency has been established, then it surely must follow that a personal judgment cannot be entered as against the mortgagor, for he is not primarily liable for any such deficiency, but only secondarily so. We, of course, recognize that, had the plaintiff sued upon the note alone, then and in that event the mortgagors would have been primarily liable to the plaintiff.

It is therefore the conclusion of this court that the jury rightfully found the issue in favor of the plaintiff as against all contending defendants, and that the judgment entered on this verdict, to the extent of finding the amount due the plaintiff, and the decree and order of foreclosure, appraisement and sale, and that assuming grantees had by their covenant of assumption assumed any deficiency that might ensue and for which the mortgagors were or might thereafter become liable, was correctly entered.

And it is the further judgment of this court that that portion of the jury's verdict as against the

defendants for the full amount of the plaintiff's claim was prematurely and erroneously found and returned, and that the motions of the parties now complaining, to vacate and set aside that portion of the verdict, should have been sustained, and that the court erred in prematurely entering personal judgment as against all defendants on that portion of the verdict which was premature and a nullity, and that the judgment as modified be affirmed. It is ordered that the cause be remanded, with instructions to complete the sale of the mortgaged premises, and for such further proceedings as may be made necessary. We find no error in the other matters complained of.

*Judgment modified and cause remanded.*

LEMERT and MONTGOMERY, JJ., concur.