**·COOPER v WAGNER et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4314. Decided May 29, 1933

Morris Weintraub, for plaintiff in error.

Hightower & O'Brien, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

There is no question that the better rule is that a foreclosure proceeding is no bar to a concurrence or successive suit upon a purchase money note secured by mortgage or vendor's lien, unless it appears that the note has been paid by a satisfaction of a judgment or through the sale of the property in such proceeding. 19 R.C.L., pages 509 to 512, §§305, 306, 307, 308, 309.

It is also well-settled that payment is a substantive defense and must be pleaded in order to be proved. **Worst v Colonial Savings Bank & Trust Co., 11 Oh Ap, 308.**

Payment was not alleged or claimed by the defendants.

The trial court stated in his instructions to the jury to return a verdict for the defendant.

"After consideration the court has concluded that that motion is well taken. The reason for that conclusion is, that the evidence in this case discloses that the plaintiff in this case was also a plaintiff in the court of Kentucky, and that in that case in Kentucky, she recovered judgment for the full amount of money which she had coming to her. She then brought suit in the courts of this state. She made no allegation, nor offered any proof, that the judgment which she obtained in Kentucky had not been fully paid, and if that had been fully paid, or if it is fully paid, she has no cause of action against these two defendants. Therefore, having failed to make out her case, the court instructs you in this case in this court to return a verdict in favor of the defendant."

This conclusion is evidently based upon the theory that when the plaintiff produced the proof of a judgment against the owner in possession, who had assumed the note and mortgage, that such evidence carries with it a prima facie presumption that the judgment had been satisfied and calls for proof on the part of the plaintiff that the judgment had not been so paid or satisfied.

We find no authority for such a conclusion, especially where the suit is upon a note and not a judgment and payment or satisfaction of the judgment is not offered as a defense, or even claimed by the defendants.

On the contrary, we find that the Supreme Court has decided that the commencement of a joint action against all the makers of an instrument in which process was only served upon a part and judgment against but one, is no bar to a separate action against one not served with process. **The President, Directors & Company of the Clinton Bank of Columbus v Samuel M. Hart, 5 Oh St, 34.**

It is strenuously contended by the defendants that no process was ever served upon them and in this contention we acquiesce.

Manifestly if such is the law, the mere appearance of a judgment against an alternative, successive, and assuming obligor in the evidence, even of the plaintiff, cannot result in a bar to the prosecution of an action upon the note against the original maker in another jurisdiction, and particularly so where no service was had upon the maker in the joint action in foreclosure and no deficiency judgment was attempted against the makers.

See also **Benjamin Wilson v William Taylor's Executors, 9 Oh St, 596. Yoho v McGovern, 42 Oh St, 11.**

In **Avery v Vansickle, 35 Oh St, 270,** the first, second, and third paragraphs of the syllabus are:

"1. In an action brought under §28 of the code of civil procedure, as amended March 30, 1874, to subject the separate estate of a married woman to the payment of a promissory note executed by her, neither party is entitled to demand a trial by jury, and hence an appeal lies from the judgment, to the district court.

"2. A judgment in an action to foreclose a mortgage executed by husband and wife, to secure the payment of the wife's promissory note, constitutes no bar to a subsequent action to subject the separate estate of the wife to the payment of a deficiency arising upon the sale of the property mortgaged.

"3. A judgment against the husband, upon the joint promissory note of himself and wife, does not merge the right to charge the wife's separate estate with the payment of the note, in a subsequent action."

The only apparently contrary authority to our finding here is that of **Union Savings & Loan Co. v Kupetz et, 37 Oh Ap, 371.** An examination of this case, however, shows that it is easily distinguished upon many points involving a different state of facts, and the statement of law in Pomeroy's Code Remedies, cited by Judge Sullivan, is not in conflict with the rule stated herein.

We, therefore, find the trial court was in error in instructing a verdict for the defendants and that the judgment must be reversed, and a new trial granted. It is so ordered.

HAMILTON, PJ, and CUSHING, J, concur.